GAMMA TAU EDUCATIONAL FOUNDATION, Respondent, v. OHIO CASUALTY INSURANCE COMPANY, Appellant.

*No. 118. Argued February 6, 1969.—Decided March 4, 1969.*
(Also reported in 165 N. W. 2d 135.)

For the appellant there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Thomas N.*

*Klug* of counsel, all of Milwaukee, and oral argument by *Mr. Klug.*

For the respondent there was a brief by *Petrie, Stocking, Meixner & Zeisig,* attorneys, and *Edmond F. Zeisig* of counsel, all of Milwaukee, and oral argument by *Edmond F. Zeisig.*

HEFFERNAN, J. On this appeal we do not have the benefit of a memorandum decision by the trial judge, so we are unable to determine the rationale upon which he based his order. It appears, however, that the defendant's demurrer in respect to the failure to plead a cause of action is predicated upon the failure of the plaintiff to plead compliance with the conditions precedent in that contract. We are satisfied that the complaint is not defective in that regard. Since we must determine a matter on demurrer on the basis of facts alleged within the four corners of the complaint, we are unable to ascertain what specific conditions precedent were required by the contract of insurance. The Wisconsin Statutes directs the method of pleading conditions precedent. Sec. 263.34, Stats., provides:

"263.34 **Conditions precedent in contract, how pleaded.** In pleading the performance of conditions precedent in a contract it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part; and if such allegation be controverted the party pleading shall be bound to establish on the trial the facts showing such performance."

This statute does not require a particularization of conditions precedent that have been met by the plaintiff. It merely requires the allegation that they have been met. We conclude that the plaintiff's allegation that it "has made due demand for payment" prior to the commencement of the action in essence is the allegation that it has met the conditions required by the contract.

In accordance with the general rules of pleading in this state, a complaint must be construed liberally in favor of the pleader when it is considered on demurrer. Applying these rules we are satisfied that the complaint states a cause of action.

The defendant argues, however, that in any event the cause of action is barred by the statute of limitations.

The applicable statute of limitations is sec. 893.19 (3), Stats., which provides for a six-year period within which to bring an action upon a contract. The general rule is that the right of action of the insured accrues against the insurer on the date of loss. *Rock County Savings & Trust Co. v. London Assurance Co.* (1962), 17 Wis. 2d 618, 620, 117 N. W. 2d 676.

The complaint alleges that the defalcations of the employee occurred prior to November, 1961, and the record shows that the action was not commenced until January 2, 1968, a period of two months longer than the six years in which the action, ordinarily, must be brought. The plaintiff insists, however, that in this instance the period of limitations did not commence to run on the date of the loss. It points out that the discovery of the loss did not occur until January, 1962. Utilizing this fact, it relies upon the provisions of sec. 893.19 (7), Stats., which provides that in the case of fraud, "The cause of action in such case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud." We do not consider this section of the statutes applicable here.

The date of discovery of the fraud is relevant only when the action is commenced against the perpetrator of the fraud. Since fraud is usually committed by stealth, misrepresentation, or deception, a defrauder will not be heard to argue that his misrepresentations which prevented the discovery of his wrongdoing should bar a plaintiff from proceeding against him whenever the fraud is discovered. He cannot say, "Even though I concealed my wrongdoing,

you should have discovered it earlier; and not having discovered it, you are barred by the statute of limitations." This rationale, urged by the plaintiff, has nothing to do with the cause of action against the insurance company. For sec. 893.19 (7), Stats., to be applicable, fraud must be the gravamen of the action brought. *Peters v. Kell* (1960), 12 Wis. 2d 32, 43, 106 N. W. 2d 407. The action brought against the insurance company is not for its fraud but upon a contract which insures against the fraud of third persons.

The plaintiff also argues that it is protected from a bar of the statute of limitations by two additional theories (1) that the statute does not begin to run on an insurance claim until all the conditions precedent to the commencement of a suit have been met and (2) that it need not comply with any policy provisions or time limitations for suit until it is aware of the existence of the policy. Basic to the plaintiff's argument on both of these points is the factual allegation that the plaintiff did not know of the policy's existence until June 10, 1967. Until that time it insists it could not comply with any of the conditions precedent. It grounds the first theory upon the well accepted policy provision that "no action" shall be brought on an insurance policy until the conditions precedent required in the policy have been performed by the claimant. This is, of course, undoubtedly true, but that principle of insurance contract law has nothing whatsoever to do with the statutory period within which a plaintiff must bring his suit. Its failure to comply with those conditions would make its suit premature and its action is subject to abatement until those conditions precedent are met. The plaintiff's failure in this respect would constitute only a temporary bar to the action, which bar would be lifted when the conditions are complied with. If the plaintiff's contention were correct, a claimant against an insurance company could choose the time at which it elects to have the statute commence running by deferring

the performance of conditions precedent until it appeared to be propitious to proceed. A rule that would permit such delay at the volition of a plaintiff would be contrary to the general policy considerations that require the prompt commencement of actions and the rapid disposition of litigation. A plaintiff may find himself barred by a statute of limitations by virtue of the fact that he has failed to perform his conditions precedent for suit within the time limited by law. Such in fact is the plight of the plaintiff herein, if the conditions precedent were not met and the suit timely brought.

The plaintiff also contends that it should be exonerated from the burden of commencing its suit within the period of six years after the time of loss, when it is evident from the facts that it was not aware of the policy and therefore could not reasonably have been expected to commence suit until after it knew of the insurance company's contractual obligation. It relies upon the general rule that:

". . . where the beneficiary of a life or accident insurance policy is ignorant of the existence of the policy, delay in giving notice and furnishing proofs of loss is excused, and in such case, there is a sufficient compliance with the provisions if notice and proofs of loss are made within a reasonable time after the discovery of the existence of the policy." 29A Am. Jur., *Insurance,* p. 505, sec. 1390.

With this general rule properly applied, this court has no quarrel. The respondent cites *Cady v. Fidelity & Casualty Co.* (1908), 134 Wis. 322, 113 N. W. 967. This case involved a claim upon a life insurance policy when the underlying contract required that immediate notice of death be given to the company. A rider to the policy stated that the term, "immediate notice," therein was to be construed as meaning a notice by registered letter within twenty days of the death.

In the *Cady Case,* for reasons our court found acceptable, notice of the death was not given until after sixty days following the death. We approved the earlier holding of this court in *Comstock v. Fraternal Accident Asso.* (1903), 116 Wis. 382, 93 N. W. 22, that it is:

". . . well settled that in case of the person required to give notice not being able to do so from any cause, compliance with the requirement as to notice is sufficient if notice be given as soon as practicable after the disability is removed . . . ." *Cady, supra,* page 328.

This, however, is not the problem presently before us. The *Cady Case* and others relied upon by the plaintiff merely stand for the proposition that time limitations in a policy which are unreasonable under the circumstances will not be permitted to prevent a plaintiff from performing conditions that must be performed prior to his right to bring an action. They have nothing whatsoever to do with the extinction of his cause of action if his suit has for *any* reason been delayed beyond the period specified in the statute of limitations. While *Cady* and similar cases permit the tardy filing of notices if there is good cause for such tardiness, they do not purport to, nor stand for, the proposition that such excusable but late filings will give viability to a suit when the statute of limitations has run. A statute of limitations bars good causes as well as bad ones and its application, unless the defendant's fraudulent conduct has prevented timely discovery of the wrong, has nothing to do with the equities of the suit. A statute of limitations is the expression of legislative policy that claims and controversies, whatever their merit, if not litigated promptly, be laid to rest forever. Our court in an earlier case summed up the philosophy behind this statute.

*"Interest reipublicae ut sit finis litium.* It is therefore the policy of the law that some reasonable lapse of time

should end all controversies; that unchallenged possession under color and claim of title, however defective, should ripen in time into title unchallengeable. This is the philosophy of statutes of limitation. They are therefore called statutes of repose. They give possession rest from litigation. When they have run, they bar forever all previous rights against the title which they protect; silence forever all objections against it and all criticisms upon it. The claims which would have prevailed over it before, become extinct. The defects which would have been fatal to it before, are cured. Whatever could have been heard to impeach it before, can be heard no more forever. So it is here. The respondents had their day to impeach the tax proceeding and avoid the tax deed. Then they might have said that the groundwork was so defective that there was no tax, and that the deed was therefore no tax deed. This they did not then do, and they are now too late to do it. They suffered the statute to purge the tax proceeding of all defects, to raise the tax deed above impeachment. Their objections may be well founded. But they come out of time. What the respondents might have said, they cannot now say. The statute has left them like one estopped to speak the truth, because they did not speak it when they might." *Oconto Co. v. Jerrard* (1879), 46 Wis. 317, 326, 50 N. W. 591.

It would appear that, the statute of limitations having run, it would be fruitless to permit the plaintiff to plead over.

*By the Court.*—The order overruling the defendant's demurrer is reversed, and the cause is remanded with directions that the plaintiff's amended complaint be dismissed.