LES MOISE, INC.,
Plaintiff-Appellant.

v.

ROSSIGNOL SKI CO., INC.,
Defendant-Respondent-Petitioner.

Supreme Court

*No. 83–300. Argued September 5, 1984.—
Decided January 31, 1985.*

(Also reported in 361 N.W.2d 653.)

For the defendant-respondent-petitioner there were briefs by *Steven E. Keane, Michael A. Bowen* and *Foley & Lardner,* Milwaukee, and oral argument by *Mr. Bowen.*

For the plaintiff-appellant there was a brief by *William E. Glassner, Jr., Ann Kerns* and *Charne, Glassner, Tehan, Clancy & Taitelman, S.C.,* Milwaukee, and oral argument by *William E. Glassner, Jr.,* and *Ms. Kerns.*

DAY, J.   This is a review of a published decision of the court of appeals[1] reversing an order of the Circuit Court for Milwaukee County, Hon. Laurence C. Gram, Jr., Circuit Judge, dismissing the complaint with prejudice.  The issue on review is: Does a cause of action for termination of a dealership upon written notice not complying with the Wisconsin Fair Dealership Law (WFDL), Chapter 135, Stats., and without good cause as required by such statute, accrue for purposes of starting the statute of limitations to run on the date the dealer receives the non-conforming written notice, or on the date termination, pursuant to that notice, actually occurs?

We hold that a cause of action under the WFDL, Chapter 135, Stats., for termination of a dealership upon written notice not complying with the requirements of that chapter and without good cause as required by that chapter, accrues and starts the running of the statute of limitations on the date such written notice is received by the dealer.  We therefore reverse the decision of the court of appeals and reinstate the order of the circuit court.

After oral argument we received written notice from the attorneys for the parties saying that this matter has been settled.  This court has, however, set out exceptions to the general rule of dismissal for mootness:

[1] *Les Moise, Inc. v. Rossignol Ski Co., Inc.,* 116 Wis. 2d 268, 342 N.W.2d 444 (Ct. App. 1983).

"[T]his court has held that it will retain a matter for determination although that determination can have no practical effect on the immediate parties: . . . where the issue is likely to arise again and should be resolved by the court to avoid uncertainty, *Fine v. Elections Board,* 95 Wis. 2d 162, 289 N.W.2d 823 (1980) . . . This court has a law-declaring function, that is, determining on common-law principles what the law should be in view of the statutory and decisional law of the state and in view of the general trend of the law. . . . It is not inappropriate for this court, where a problem is likely to recur, to declare the law for the guidance of other courts, even though the particular controversy is moot." *State ex rel. LaCrosse Tribune v. Circuit Court,* 115 Wis. 2d 220, 229–230, 340 N.W.2d 460 (1983).

Since this statute of limitations issue under the WFDL is likely to recur and since we disagree with the published decision of the court of appeals, we choose to decide the issues that were presented for review. We do this even though, because of their settlement, our opinion will not affect these parties directly.

For purposes of this review, all of the factual allegations stated in Les Moise's amended complaint are assumed to be true.

On or about May 22, 1979, Les Moise and Rossignol entered into a written agreement for the distribution by Les Moise of Rossignol's products in Wisconsin. This agreement had an expiration date of May 21, 1980, but was to be renewed automatically if not terminated.

In January of 1980, Les Moise was sent a written notice by Rossignol terminating Les Moise as a dealer effective upon the expiration date of the agreement.[2] The written notice did not state the reasons for the ter-

---

[2] Les Moise acknowledged that it received this notice in January of 1980, in its "Memorandum In Opposition To Defendant's Motion To Preclude Matters Outside The Record" filed with the court of appeals on June 30, 1983.

mination nor did it provide any period of time within which Les Moise could rectify any alleged deficiencies.

Les Moise brought the instant action on April 14, 1981, which was within one year of the date of actual termination but more than one year after the written notice of termination had been received. Les Moise alleged that Rossignol had terminated Les Moise without good cause and without proper notice in violation of the WFDL. On January 6, 1983, the circuit court granted Rossignol's motion to dismiss Les Moise's complaint on the grounds that Les Moise had failed to commence the action within the applicable one-year statute of limitation period of sec. 893.93(3)(b), Stats. 1981–1982.[3] Les Moise appealed. The court of appeals in its decision dated November 11, 1983, reversed the circuit court decision and remanded the case for further proceedings holding that the statute of limitations started to run when termination pursuant to the written notice actually took place. Rossignol filed a petition for review. This Court accepted review on January 17, 1984, to determine when the cause of action accrues and starts the running of the statute of limitations.

According to Les Moise's amended complaint, this agreement with Rossignol was a "dealership" within the meaning of sec. 135.02(3), Stats. 1981–1982.[4] Les Moise

[3] Section 893.93(3), Stats. provides: "Miscellaneous Actions. . . . The following actions shall be commenced within one year after the cause of action accrues or be barred: . . . (b) An action under ch. 135."

[4] Section 135.02, Stats. 1981–1982, was renumbered by 1983 Wisconsin Act 189, Section 135.02(3), and provides:

" 'Dealership' means a contract or agreement, either expressed or implied, whether oral or written, between 2 or more persons, by which a person is granted the right to sell or distribute goods or services, or use a trade name, trademark, service mark, logotype, advertising or other commercial symbol, in which there is a community of interest in the business of offering, selling

was a "dealer" under sec. 135.02(2).[5] Rossignol was a "grantor" under sec. 135.02(5).[6] This agreement, therefore, is governed by the WFDL.

Les Moise's complaint alleged that the written notice of termination sent by Rossignol was in violation of sec. 135.04, Stats. 1981–1982,[7] for failing to meet the written notice requirements, and of sec. 135.03, 1981–1982,[8] for termination without good cause. If Les Moise's cause of

or distributing goods or services at wholesale, retail, by lease, agreement or otherwise."

[5] Section 135.02(2), Stats. as renumbered by 1983 Wisconsin Act 189 provides: " 'Dealer' means a person who is a grantee of a dealership situated in this state."

[6] Section 135.02(5), Stats. as renumbered by 1983 Wisconsin Act 189 provides: " 'Grantor' means a person who grants a dealership."

[7] "135.04 **Notice of termination or change in dealership.** Except as provided in this section, a grantor shall provide a dealer at least 90 days' prior written notice of termination, cancellation, nonrenewal or substantial change in competitive circumstances. The notice shall state all the reasons for termination, cancellation, nonrenewal or substantial change in competitive circumstances and shall provide that the dealer has 60 days in which to rectify any claimed deficiency. If the deficiency is rectified within 60 days the notice shall be void. The notice provisions of this section shall not apply if the reason for termination, cancellation, or nonrenewal is insolvency, the occurrence of an assignment for the benefit of creditors or bankruptcy. If the reason for termination, cancellation, nonrenewal or substantial change in competitive circumstances is nonpayment of sums due under the dealership, the dealer shall be entitled to written notice of such default, and shall have 10 days in which to remedy such default from the date of delivery or posting of such notice."

[8] "135.03 **Cancellation and alteration of dealerships.** No grantor, directly or through any officer, agent or employe, may terminate, cancel, fail to renew or substantially change the competitive circumstances of a dealership agreement without good cause. The burden of proving good cause is on the grantor."

action accrued on the date it received the written notice from Rossignol, January of 1980, its action, filed April 14, 1981, is barred by the one-year limitation period of sec. 893.93(3)(b). If Les Moise's cause of action accrued on May 21, 1980, the date termination became effective, its action is not barred.

In Wisconsin, a cause of action generally accrues for statute of limitations purposes " 'where there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it.' " *Barry v. Minahan,* 127 Wis. 570, 573, 107 N.W. 488, 490 (1906). When a grantor violates the provisions of the WFDL, the dealer is given a claim capable of present enforcement, a suable party in the grantor, and a present right to enforce that claim. Section 135.06, Stats. 1981–1982, provides:

"**135.06 Action for damages and injunctive relief.** If any grantor violates this chapter, a dealer may bring an action against such grantor in any court of competent jurisdiction for damages sustained by him as a consequence of the grantor's violation, together with the actual costs of the action, including reasonable actual attorney fees, and the dealer also may be granted injunctive relief against unlawful termination, cancellation, nonrenewal or substantial change of competitive circumstances."

Section 135.065, Stats. 1981–1982, provides:

"**135.065 Temporary injunctions.** In any action brought by a dealer against a grantor under this chapter, any violation of this chapter by the grantor is deemed an irreparable injury to the dealer for determining if a temporary injunction should be issued."

The remedies of these sections are available to a dealer at the time the grantor violates the WFDL.

The use by the grantor of a written termination notice which does not comply with the WFDL constitutes a violation of the WFDL. *Designs in Medicine, Inc. v. Xomed, Inc.,* 522 F. Supp. 1054, 1057 (E.D. Wis. 1981). Therefore, the use of a non-conforming written notice by Rossignol, the grantor, was a violation of the WFDL which gave Les Moise a presently enforceable right of action on receipt of that written notice, under sec. 135.06 and sec. 135.065, Stats. Therefore, under the *Barry* rule, Les Moise's cause of action accrued for statute of limitations purposes upon its receipt of Rossignol's written notice.

The court of appeals recognized that Les Moise could have brought an action against Rossignol when Les Moise received the written notice. The court of appeals said in pertinent part:

"We now address one further point made by Rossignol, that Rossignol could not have prevented Moise from bringing suit upon notice and that, therefore, that should be the date, under the *Barry* rule, upon which the statute should begin to run. While the point is, to some extent, hypothetical because Moise did not in fact choose to bring suit before injury, we acknowledge, especially in the light of our discussion of anticipatory repudiation, that Moise could have brought suit upon that date. This does not persuade us, however, that the date of notice should set the statute to running." *Les Moise,* 116 Wis. 2d at 280.

The requirements of the *Barry* rule were met at the time Les Moise received the written notice. The court of appeals, however, formulated the following exception to the *Barry* rule: "For the above reasons, we determine that, in a ch. 135, Stats., action, if the dates of actual injury and of notice are different, the statute of limitations is set running from whichever date is later, regardless of a claimant's ability to bring suit upon the earlier date." *Les Moise,* 116 Wis. 2d at 280–281. In this case, the

court of appeals held that actual injury occurred on the date the dealership agreement was terminated.

The court of appeals cited this court's opinion in *Hansen v. A.H. Robins Co., Inc.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983) as a precedential basis for its deviation from the *Barry* rule. In *Hansen* this court held:

> "In the interest of justice and fundamental fairness, we adopt the discovery rule for all tort actions other than those already governed by a legislatively created discovery rule. Such tort claims shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first. All cases holding that tort claims accrue at the time of the negligent act or injury are hereby overruled." *Hansen,* 113 Wis. 2d at 560.

According to the court of appeals, just as this court in *Hansen* "modified the law to compensate for the injustices caused when a tort claimant had an injury but no notice of it," its proposed deviation from the *Barry* rule would obviate harsh results "where a plaintiff has notice, but has not yet suffered an injury." *Les Moise,* 116 Wis. 2d at 275 and 281.

The court of appeals gave several reasons for its reliance upon *Hansen* to deviate from the *Barry* rule. First, the court stated that the policy of the WFDL,[9] to protect

---

[9] "135.025 **Purposes; rules of construction; variation by contract.** (1) This chapter shall be liberally construed and applied to promote its underlying remedial purposes and policies.

"(2) The underlying purposes and policies of this chapter are:

"(a) To promote the compelling interest of the public in fair business relations between dealers and grantors, and in the continuation of dealerships on a fair basis;

"(b) To protect dealers against unfair treatment by grantors, who inherently have superior economic power and superior bargaining power in the negotiation of dealerships;

"(c) To provide dealers with rights and remedies in addition to those existing by contract or common law;

dealers against unfair treatment by grantors, requires liberal construction in favor of dealers in determining when the cause of action accrues. *Les Moise,* 116 Wis. 2d at 275. Second, the use of the *Barry* rule could lead to untoward results such as dealer actions being barred before actual injury occurs or dealers bringing actions before injury and foreclosing the possibility of reconciliation with grantors. *Les Moise,* 116 Wis. 2d at 276. Third, since a relatively short limitation period is involved in WFDL actions, the "stale claim" rationale is less weighty than the injustice of barring meritorious claims. *Les Moise,* 116 Wis. 2d at 276. Finally, the court of appeals proposed rule, which would set the statutory period running on the later of the date of injury or written notice regardless of the claimant's ability to bring suit upon the earlier date, is consistent with the rule applied to anticipatory repudiation of contracts. *Les Moise,* 116 Wis. 2d at 276–280.

The court of appeals also rejected a distinction discussed in *Hammil v. Rickel Mfg. Corp.,* 719 F.2d 252 (7th Cir. 1983). In *Hammil,* the seventh circuit affirmed a district court judgment under the WFDL. The district court held that a cause of action under sec. 135.03, Stats., for termination without good cause, accrued on the date of actual termination while a cause of action under sec. 135.04, for violation of the written notice requirements, accrued when the written notice was received. *Hammil,* 719 F.2d at 254. The seventh circuit's affirmance, however, only covered the issue concerning sec. 135.04, since the appeal was limited to that issue. *Hammil,* 719 F.2d at 254. In the instant case, the court of appeals concluded that such a distinction was not warranted in deciding when the statute of limitations began to run. *Les Moise,* 116 Wis. 2d at 273, n. 3.

"(d) To govern all dealerships, including any renewals or amendments, to the full extent consistent with the constitutions of this state and the United States."

■
We agree with the conclusion of the court of appeals in rejecting the distinction made by the district court in *Hammil.* In this case, although Les Moise did claim violations of both secs. 135.03 and 135.04, Stats., the parties did not make any distinction between these two types of claims. Such a distinction is not warranted where the grantor has terminated the dealer as of a future date and given the dealer written notice of that decision. When the dealer receives a written termination notice, he may bring an action under sec. 135.03, if the grantor lacked good cause to terminate, or under sec. 135.04, if the written notice did not comply with that provision.

■
We disagree with the court of appeals' conclusion that the *Barry* rule should not apply to actions brought under the WFDL. First, the remedy provisions of the WFDL become available to dealers upon the grantor's violation of the statute with no need for a determination of actual injury. This legislative scheme is consistent with both commercial reality and the WFDL's policy to protect dealers in their relationships with grantors. Upon receipt of a written notice of termination which does not comply with the WFDL, the dealer has a cause of action which does not require him to wait until actual injury and yet allows him relief from the obvious commercial burden of doing business under a written termination notice. Even if actual injury could not be shown until the termination occurs, the WFDL gives the dealer the right to obtain injunctive relief to prevent termination.

Second, the *Hansen* case is distinguishable. This court in *Hansen* said that the *Barry* rule "equitably regulates the statute of limitations in the majority of cases." *Hansen,* 113 Wis. 2d at 554. Even assuming that *Hansen* is a deviation from the *Barry* rule, in *Hansen,* the limitation period had expired before the claimant knew or should have known about the injury. *Hansen,* 113 Wis.

2d at 555. In this case, on the other hand, when Les Moise received the written termination notice it was immediately informed of the intention of the grantor and it was immediately capable of determining whether the written notice and termination violated the WFDL. Once Les Moise received the written notice which violated the WFDL, it could pursue remedies available under the WFDL or it could decide to allow the dealership to expire. In *Hansen*, this court sought to avoid an application of the *Barry* rule which would effectively deprive the claimant of the statutory period in which to bring an action because the claimant did not know she had been injured. In the instant case, Les Moise was given the benefit of the full statutory period because it had written notice of the violation and had a right, upon receipt of the non-conforming notice, to seek a remedy under the WFDL.

Finally, the legislative history of the WFDL is consistent with this court's application of the *Barry* rule to the instant case. The Legislative Reference Bureau's analysis of the initial draft of the Wisconsin Fair Dealership Law was cited by this court in interpreting the WFDL in *White Hen Pantry v. Buttke,* 100 Wis. 2d 169, 178, 301 N.W.2d 216, 221 (1981). This analysis says:

" 'This bill prohibits franchisors from terminating, cancelling, failing to renew or substantially changing the competitive circumstances of a franchise without good cause as defined in the bill. The franchisor must give 90 days' notice of such action and state all the reasons for such actions. The franchisee is given 60 days to correct the deficiency and if corrected within that period, the franchisor's action is void. The franchisee is given 10 days to remedy a nonpayment of sums due under the franchise. A franchisee may bring an action for damages or injunctive relief within one year after the violation if the franchisor violates any provision of this bill. The bill does not apply to motor vehicle dealers, distributors or wholesalers.' "

The initial draft of the WFDL provided similar require-ments for notice and termination, it provided similar remedies upon non-compliance with its requirements, and it provided the one-year statute of limitations for actions brought on WFDL violations.[10] This legislative history supports the conclusion that a dealer's cause of action under the WFDL accrues and starts the statutory period running on the date of the violation by the grantor. In this case that was the date the written termination notice was given to Les Moise.

■

We conclude that the WFDL gives a dealer a cause of action upon violation of its provision. Under the *Barry* rule, the cause of action here accrued for purposes of the statute of limitations when the written notice was re-ceived. Therefore, Les Moise's action commenced on April 14, 1981, and was barred by the statute of limita-tions. The circuit court was correct in dismissing Les Moise's complaint.

*By the Court.*—The decision of the court of appeals is reversed.

SHIRLEY S. ABRAHAMSON, J. (dissenting). I would dismiss this case as moot. The court is giving an advisory opinion on the basis of general factual allega-tions in the pleading. Yet it is apparent from the briefs and the oral argument that the parties disagree about the

---

[10] The original provisions governing the limitation period for actions under Chapter 135 were the following:

Section 893.14, Stats. 1973:

"893.14 **Actions, time for commencing.** The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued. . . ."

Section 893.22, Stats. 1973:

"893.22 **Within one year.** Within one year: . . .

"(3) An action under ch. 135."

There is no significant difference between this language and that in the current limitation statute sec. 893.93(3)(b), Stats.

course of their dealings after the notice of termination and the effect of these dealings on the accrual of the causes of action.

Without the facts and without careful analysis of various potential factual situations, the majority concludes that, although the complaint alleged violations of sec. 135.03 (termination without good cause) and sec. 135.04 (failure to furnish sufficient notice), a distinction between these two types of claims for purposes of the statute of limitations "is not warranted where the grantor has terminated the dealer as of a future date and given the dealer written notice of that decision." (P. 61.) The majority concludes that "[w]hen the dealer receives a written termination notice, he may bring an action under sec. 135.03, Stats., if the grantor lacked good cause to terminate, or under sec. 135.04, if the written notice did not comply with that provision." (P. 61.) This conclusion is broader than the holding set forth at page 53, and is broader than warranted by the facts of the case.

According to sec. 135.06, Stats. 1981–82, if a grantor violates more than one provision of ch. 135, a dealer has a cause of action for each violation. Each of these causes of action may accrue at different times. See Hansen, *Defenses,* pp. 14–22, in State Bar of Wisconsin, Magna Carta for Wisconsin (ATS-CLE Program Materials, November 1979).

I conclude that in each case the facts must be examined to determine when the cause of action for each particular violation accrued. Although the opinion is ambiguous, it can be read as establishing a blanket rule: where the grantor gives written notice of termination, whether or not the notice is defective, the dealer's cause of action for "termination without good cause," as well as the dealer's cause of action for failure to furnish sufficient notice, accrues as of the date of receipt of the written notice. P. 61. I do not believe that such a blanket rule, if that is what the majority is creating, will stand the test of time.