Loraine Bieber EFFERT, Plaintiff-Appellant,

v.

HERITAGE MUTUAL INSURANCE COMPANY,
Defendant-Respondent.†

Court of Appeals

*No. 90-1774-FT. Submitted on briefs October 12, 1990.—Decided December 28, 1990.*

(Also reported in 466 N.W.2d 660.)

† Petition to review denied.

On behalf of the plaintiff-appellant the cause was submitted on the briefs of *Thomas P. Schwaba* of *Faller, Pleger, Wilson & Schwaba, S.C.* of Marinette.

On behalf of the defendant-respondent the cause was submitted on the brief of *James A. Morrison* of *Morrison & Coggins, S.C.* of Marinette.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Loraine Bieber Effert appeals an order dismissing her action against her automobile insurance company, Heritage Mutual Insurance Company.[1] Effert sought to compel Heritage to arbitrate her uninsured motorist claim under the terms of her insurance contract with Heritage. The trial court ruled that the six-year statute of limitations governing contract actions commenced when the insurance contract expired. Because more than six years had elapsed, the court held the statute barred Effert's claim. Effert contends that the statute of limitations began to run when Heritage breached the contract by refusing to arbitrate her claim. We con-

---

[1]This is an expedited appeal under Rule 809.17.

clude that the statute of limitations commenced either when Effert first had a claim against Heritage or when Heritage breached by refusing to arbitrate. Because the statute of limitations has not run by either calculation, we reverse.

In June 1983, Effert was involved in an automobile accident with Pamela J. Rahloff, who was driving Mark Peterson's car. At the time of the accident, Peterson was insured by Iowa National Mutual Insurance Company, and Effert was insured by Heritage. The Heritage policy covered Effert from March 5 to September 5, 1983, and was an occurrence, not a claims-made policy. The June 30 accident occurred within the policy period.

Effert settled the personal property damage claim with Heritage and in June 1986 commenced an action against Peterson and Iowa for damages sustained as a result of this accident. Effert then learned that Iowa was insolvent, advised Heritage of that fact and submitted a claim under the uninsured motorist provision of her policy with Heritage. Iowa had been placed into liquidation on December 10, 1985.

Effert's policy with Heritage requires Effert to notify Heritage of any accident, occurrence or loss within one year of the date of the accident. Effert complied with this requirement. The policy does not, however, specify a time when Effert must make a claim under the uninsured motorist provision. The policy further provides that in the event Heritage and Effert fail to agree either about her right to recover or the amount of recovery under the uninsured motorist provision, either party could request arbitration.

Effert and Heritage commenced negotiations in June 1988. In January 1990, Heritage advised Effert that it would no longer consider her claim because the statute of limitations had already expired. Effert then made a

written demand to Heritage for arbitration. Heritage refused, and the trial court dismissed Effert's action to compel Heritage to arbitrate.

The sole issue on appeal concerns when the statute of limitations commenced on Effert's claim arising under the uninsured motorist provisions of her insurance contract.[2] The trial court concluded that the statute commenced on the date of the insurance policy's expiration. By this calculation, the six-year statute barred Effert's petition. We do not agree.

██

An insured's claim against an insurer under the uninsured motorist provisions of an automobile insurance policy is a matter of contract. *Sahloff v. Western Cas. & Surety Co.*, 45 Wis. 2d 60, 69–70, 171 N.W.2d 914, 918 (1969). The court therefore correctly applied the six-year statute of limitations provided for contract actions. *See* sec. 893.43, Stats. The court erred, however, by concluding that the statute of limitations commenced with the expiration of the insurance contract.

██

The policy expiration precludes making claims for occurrences after the expiration date but does not affect the insured's right to pursue a claim against the insurer for fulfillment of the insurer's contractual obligations. The statute of limitations commences when a cause of action accrues. Section 893.43, Stats. A cause of action accrues when there is a claim capable of present enforcement. *Les Moise, Inc. v. Rossignol Ski Co.*, 122 Wis. 2d 51, 57, 361 N.W.2d 653, 656 (1985). At the time when the insurance contract expired, Effert's only insurance claim was against Iowa. At that time Effert had no claim

---

[2]Effert does not contend that her negotiations with Heritage tolled the statute of limitations, and we do not address that issue.

against Heritage and, therefore, Effert's cause of action against Heritage had not accrued.

Similarly, the accident itself did not commence the statute of limitations against Heritage. Again, Effert's insurance claim at that time was against Iowa, not Heritage. Thus, Effert's cause of action against Heritage had not accrued and the statute had not commenced.

We perceive two distinct and conflicting approaches to determining when the statute of limitations commenced. Under basic contract analysis, the cause of action accrued and the statute began to run when Heritage breached the contract by refusing to arbitrate Effert's claim. However, there is also support for the proposition that the statute of limitations begins to run on an insurance action when the insured first has a claim against the insurer. Under this latter analysis, Effert first had a claim against Heritage when Iowa became insolvent in 1985. Because under either analysis no statute of limitations bars Effert's claim, it is unnecessary to decide which is the correct analysis.

Turning first to contract, we note that a contract claim arises when the contract is breached. *Segall v. Hurwitz*, 114 Wis. 2d 471, 490, 339 N.W.2d 333, 343 (Ct. App. 1983). Heritage breached the insurance contract when it refused to arbitrate Effert's claim as required under the insurance contract. Under contract analysis this conduct commenced the statute of limitations because it was then that Heritage refused to comply with the terms of the insurance contract with Effert.

Heritage argues that by holding that the breach, rather than the accident or the expiration of the insurance policy, commences the statute of limitations, we would unreasonably extend time within which an insured can make a demand for arbitration. We first

note that delay is generally not to a claimant's advantage. Accordingly, we perceive little danger that claimants will unreasonably delay making claims. Furthermore, the contract in this case does not prohibit the insurer from demanding arbitration. The insurer can either negotiate a settlement or demand arbitration if the parties cannot settle. If Effert had unreasonably delayed negotiations, Heritage's recourse under the terms of this contract would have been to demand arbitration. This it did not do.

We also note that other legal principles, such as laches and estoppel, may preclude the submission of a stale claim. Should an insured be so dilatory in submitting a claim, such doctrines may bar that claim. Finally, the insurance contract may state a time period within which claims thereunder must be presented. Heritage's contract does not so provide.

This analysis is the simple application of well-established principles of contract law and finds support in other jurisdictions. In *Allstate Ins. Co. v. Spinelli,* 443 A.2d 1286 (Del. 1982), the Delaware Supreme Court held "that actions based on uninsured motorist coverage claims are actions *ex contractu.*" *Id.* at 1290. The court then stated that the answer to the question of when the action accrues follows logically from the contract nature of the action. The court concluded that because time limitations on contract actions accrue on the date of breach, the statute began to run when the insurer denied the uninsured motorist claim. *Id.*

The superior court of New Jersey reached a similar conclusion in *Allstate Ins. Co. v. Altman,* 491 A.2d 59 (N.J. Super. Ct. 1984). In that case the plaintiffs sued Yellow Cab Co., which was self-insured, for an accident involving one of the company's cabs. Yellow Cab subsequently filed bankruptcy proceedings, and the plaintiffs

526

instituted arbitration proceedings under the uninsured motorist provision of their policy with Allstate. Allstate refused to arbitrate, arguing that the six-year statute of limitations commenced on the date of the accident and had already run. The court rejected this position and held that the claim did not accrue until Allstate rejected the demand for arbitration. The court stated, "[b]y using basic contract principles, it becomes clear that the matters thereunder do not accrue until there is a breach. The breach in this case was when Allstate denied the claim for uninsured motorists coverage." *Id.* at 62.

In sum, by applying basic contract principles the statute began to run when Heritage breached the contract by refusing to arbitrate. There is, however, a second approach to this issue. This approach looks to when the insured could have presented a claim to the insurer.

In *Gamma Tau Educ. Found. v. Ohio Cas. Ins. Co.,* 41 Wis. 2d 675, 680, 165 N.W.2d 135, 137 (1969), the court held that the insured's right of action against the insurer accrued on the date of loss. We read that case to mean that the cause of action accrued when the insured first had a claim against the insurer. We make this interpretation because a cause of action accrues when there is a claim capable of present enforcement. *Les Moise,* 122 Wis. 2d at 57, 361 N.W.2d at 656. In *Gamma Tau,* the date of loss marked when the insured could submit a claim to the insurer. In the present case, Effert could not have sought recovery from Heritage until Iowa became insolvent because no claim under the uninsured motorist coverage had yet accrued. We therefore read "date of loss" to be when a presentable claim existed. In many cases these dates will be contemporaneous, but in this case they are different.

Other jurisdictions have rejected a breach of contract as the event triggering the statute of limitations on uninsured motorist claims. *DeLuca v. Motor Vehicle Accident Indem. Corp.*, 215 N.E.2d 482 (N.Y. 1966). In that case the court held that the six-year contract statute of limitations governed uninsured motorist claims. While it did not specifically analyze when the statute commenced, by holding that the insured had six years from the date of the accident within which to demand arbitration, the court impliedly rejected the contract breach as the accrual date.

Because the statute of limitations would not have expired if it commenced when Heritage breached or when Iowa became insolvent, we need not decide which event commenced the statute. Because the statute does not bar Effert's claim, we reverse and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded with directions.