703 A.2d 12

FREDERICK C. FITCH, JR., PLAINTIFF, v. LIBERTY
MUTUAL INSURANCE GROUP, DEFENDANT.

Superior Court of New Jersey
Law Division
Camden County

Decided August 1, 1997.

*Epiphany McGuigan* for plaintiff Frederick C. Fitch, Jr. (*Cooper, Perskie, April, Niedelman, Wagenheim & Levenson*, attorneys).

*Joseph A. Carita* for defendant, Liberty Mutual Insurance Group, (*Crawshaw, Mayfield, Turner, O'Mara, Donnelly, Thomas & McBride, P.C.* attorneys).

ORLANDO, A.J.S.C.

The issue before the court is whether plaintiff Frederick C. Fitch, Jr. (Fitch) may proceed to Underinsured Motorist (UIM) arbitration against defendant, Liberty Mutual Insurance Group (Liberty Mutual) before his underlying action against the tortfeasor is resolved. The facts in this case are not in dispute.

On January 19, 1994, plaintiff Fitch was operating a 1992 Plymouth van owned by his employer, Dooley House, Inc., in the course of his employment. At that time, his vehicle was struck in the rear by a car being operated by Peter Rios (Rios). Fitch sustained personal injuries and brought suit against Rios in July of 1995. The Rios vehicle had a $15,000 liability insurance policy. An arbitration was conducted pursuant to *R* 4:21 A–1 to –8. At the conclusion of the arbitration hearing, the arbitrators returned an award of $85,000.00 in favor of plaintiff Fitch. Defendant Rios filed for a trial *de novo* pursuant to *R* 4:21 A 6(b)(1). The case is pending, awaiting a trial date.

At the time of the collision, plaintiff Fitch neither owned a vehicle nor resided with a relative who owned a vehicle. He operated his employer's vehicle at the time of the collision, which was covered under an insurance policy issued by Liberty Mutual. This policy provides UIM coverage up to $500,000. Fitch is entitled to UIM benefits under this policy. *See French v. New Jersey Sch. Bd. Ins. Group*, 146 *N.J.* 500, 683 *A.*2d 202 (1996).

After the arbitration award and *de novo* request in the third party action, plaintiff Fitch made a demand upon defendant Liberty Mutual for UIM arbitration. Defendant Liberty Mutual re-

fuses to participate in the arbitration. It asserts that plaintiff Fitch must resolve the underlying third party action either by way of settlement or judgment before it can be compelled to participate in UIM arbitration.

The court in *Longworth v. Van Houten,* 223 *N.J.Super.* 174, 538 *A.*2d 414 (App.Div.1988) endorsed the procedure of permitting an insured to proceed to UIM arbitration without the insured resolving his claim against the tortfeasor. Judge Pressler speaking for the Court said:

> [I]t is clear to us that the most efficient procedure and the procedure most nearly comporting with the legislative intent would be to permit the insured victim, at his option, to pursue his remedy under the UIM coverage without first having to conclude his claim against the tortfeasor. If the consequent arbitration resulted in a finding of the tortfeasor's liability and an award of damages in excess of the tortfeasor's coverage, the insured victim would be entitled to recover from the UIM carrier on the UIM claim, namely, in the amount of his actual damages or the UIM limit, whichever is less, reduced by the tortfeasor's coverage limits. At that point, whether or not the insured had yet received an offer from the tortfeasor, the UIM carrier could determine whether it wished to preserve a subrogation right against the tortfeasor. If it did, it could also pay its insured the tortfeasor's policy limit and itself prosecute the claim against the tortfeasor. If it did not, its insured would be free to continue to proceed against the tortfeasor in any manner he chose. Such a procedure would leave all of the parties precisely where they now are, but it would leave them there much more quickly, much more economically, and much more expeditiously.
>
> [*Id.* at 193, 194, 538 *A.*2d 414.]

In the present case, defendant Liberty Mutual argues that it is not required to adopt the *Longworth* court's suggestion that UIM carriers proceed to UIM arbitration prior to the disposition of the claim by their insured against the tortfeasor. Rather, Liberty Mutual argues that the *Longworth* court left it to the discretion of the UIM carrier as to whether or not to proceed to UIM arbitration when the claim against the tortfeasor is unresolved. Therefore Liberty Mutual asserts that it cannot be compelled to arbitrate Fitch's UIM claim while his case against Rios is pending.

However since the *Longworth* decision, the Supreme Court in *Green v. Selective Ins. Co. of America* 144 *N.J.* 344, 676 *A.*2d 1074 (1996) determined that the statute of limitations on UIM claims

runs from the date of the accident. In reaching this conclusion the court stated,

> We believe, however, that once an automobile accident victim knows or has reason to know that a "target defendant" is underinsured, the contract permits the accident victim to make a UIM claim under the policy. A cause of action accrues because "there exists a claim capable of present enforcement." *Id.* at 352, 676 *A.*2d 1074 (*quoting Les Moise, Inc. v. Rossignol Ski Co.*, 122 Wis.2d 51, 361 N.W.2d 653, 656 (1985)).

The court further noted that "allowing arbitration to proceed so as to get compensation to an injured party while the carriers litigate as to which must ultimately pay is an appropriate goal." *Green, supra,* 144 *N.J.* at 353, 676 *A.*2d 1074 (quoting *Dickenson v. Indemnity Ins. Co.*, 276 *N.J.Super.* 72, 82, 647 *A.*2d 192 (Law Div.1994)).

■ In this case, plaintiff Fitch's cause of action for UIM benefits arose at the time of the collision. The arbitration award in the underlying third party action provides prima facie evidence that the value of his claim exceeds the policy limits of the target defendant. Plaintiff Fitch, therefore, should be entitled to an immediate arbitration of his UIM claim. A decision otherwise would be inconsistent with the Supreme Court's determination in *Green, supra,* which concludes that when a UIM claim arises it is capable of present enforcement. Permitting the insured to proceed to UIM arbitration in the present case furthers the salutary goal of prompt compensation to injured victims. The carrier is not harmed by this procedure. The *Longworth* court developed a methodology which protects the interest of the UIM carrier when an arbitration award is rendered prior to the resolution of the claim against the tortfeasor. If the arbitration in this case results in an award of damages to Fitch in excess of Rios policy limits, plaintiff Fitch would be entitled to recover from defendant Liberty Mutual his actual damages or the UIM limit, whichever is less, reduced by the limits of the Rios policy. Thereafter, defendant Liberty Mutual would have the option of pursuing its subrogation right against Mr. Rios. If it chooses to do so, it would pay to plaintiff Fitch the $15,000 limit of the Rios policy and then prosecute the claim against Rios itself. The only essential differ-

ence between an arbitration before or after the resolution of the claim against the tortfeasor is timing. A UIM carrier has no cause to complain that an insured under its policy is being paid benefits to which he or she is entitled in a prompt, expeditious fashion.

Accordingly, defendant Liberty Mutual will name an arbitrator within thirty days of August 1, 1997. Within thirty days after the designation of the carrier's arbitrator, a neutral arbitrator will be named. The arbitration hearing is to take place within thirty days after the selection of the neutral arbitrator.