949 A.2d 858 (2008)
401 N.J. Super. 198
Jill GOLDEN and Sheldon Golden, her husband, Plaintiffs-Appellants,
v.
GMAC INSURANCE COMPANY, Defendant-Respondent.
No. A-4124-06T1.
Superior Court of New Jersey, Appellate Division.
Argued May 27, 2008.
Decided June 23, 2008.
*859 Philip J. Cohen, Trenton, argued the cause for appellants (Kamensky Cohen & Associates, attorneys; Mr. Cohen and Joseph J. Compitello, on the briefs).
Joseph V. Pinto, argued the cause for respondent (Slowinski Atkins, attorneys, Newark; Mr. Pinto, on the brief).
Before Judges LINTNER, SABATINO and ALVAREZ.
The opinion of the court was delivered by
LINTNER, P.J.A.D.
Plaintiff, Jill Golden,[1] was allegedly injured on April 9, 1999, when her vehicle was struck from behind by a vehicle driven by Walter Koonce and owned by Koonce's employer, Access Corporation. Plaintiff instituted a personal injury suit in the Law Division on March 29, 2001, against Koonce and his employer. At the time of the accident, Koonce and his employer were covered by a liability insurance policy issued by Security Indemnity Insurance Company (Security).[2]
On June 30, 2004, a Mercer County Chancery Division order was entered deeming Security insolvent, appointing the Commissioner of Banking and Insurance as Liquidator, enjoining all persons from pursuing litigation against Security, and barring all further payment of claims by Security. On December 3, 2004, the Law Division judge granted Koonce's motion to dismiss plaintiff's complaint without prejudice.
On April 20, 2006, plaintiff filed an uninsured motorist (UM) claim against her insurance carrier, GMAC Insurance Company (GMAC).[3] GMAC denied plaintiff's claim, asserting that the six-year statute of limitations precluded her arbitration claim. On June 26, 2006, plaintiff filed an Order to Show Cause and Complaint, seeking to require defendant to participate in UM arbitration. GMAC moved for summary judgment. Granting the motion, the Law Division judge found that the six-year limitation period commenced on April 9, 1999, the date of the happening of the accident, and that plaintiff's knowledge of Security's insolvency nine months prior to the running of the limitation period precluded her from relying on either the discovery rule or equitable tolling.
The issue presented in this appeal is what date plaintiff's cause of action accrued against GMAC for statute of limitation purposes. We hold that plaintiff's cause of action against her UM carrier accrued on June 30, 2004, when the tortfeasor's liability insurance company was declared insolvent. We, therefore, reverse the judgment dismissing plaintiff's complaint.
Initially, we note that at oral argument before the motion judge plaintiff not only argued equitable tolling and application of the discovery rule, but also asserted that her right to pursue a UM claim did not *860 occur until the June 30, 2004, order. On appeal, plaintiff essentially argues that her cause of action did not accrue until Security was declared insolvent. GMAC asserts that plaintiff's claim was untimely because (1) the six-year statute of limitations ran from the date of the accident and (2) she slept on her rights by not filing suit when learning of Security's insolvency. Because we are convinced that plaintiff's cause of action accrued on June 30, 2004, we need not address the appropriateness of the judge's equity-based rulings respecting either the tolling of the limitation period or application of the discovery rule.
The six-year statute of limitations, N.J.S.A. 2A:14-1, is applicable to UM claims. Price v. N.J. Mfrs. Ins. Co., 182 N.J. 519, 524, 867 A.2d 1181 (2005) (citing Green v. Selective Ins. Co. of Am., 144 N.J. 344, 354, 676 A.2d 1074 (1996)). The decision in Green is dispositive on the issue of when plaintiff's cause of action, for statute of limitations purposes, accrues. Green involved an underinsured motorist (UIM) claim. On October 17, 1985, Robert Green was injured when his vehicle was involved in an accident with two other vehicles. At the time, he had a policy affording him $100,000 in UIM coverage. One of the adverse vehicles had a $15,000 liability policy while the other was covered with $250,000 in liability coverage. Green instituted suit against both adverse drivers. The carrier with the $15,000 policy paid its policy limits into court. Although initially refusing to settle, Green eventually resolved his claim against both drivers by accepting a $2500 offer made by the insurance company for the other vehicle, over seven years after the accident. In accepting the offer, Green recognized that he would be unable to prove his claim against the driver with the larger policy limit because the driver of the other vehicle had died in the accident.
Green then sought arbitration of his UIM claim against his own carrier. Green argued that his cause of action did not arise until his insurance company breached the insurance contract by denying coverage. Green, supra, 144 N.J. at 350, 676 A.2d 1074. The Court noted that the facts established that Green had early notice of the serious nature of his injuries and the need to file a claim under his UIM policy. Id. at 347, 676 A.2d 1074. Addressing the issue for the first time, the Court held, prospectively, that the six-year statute of limitations on both UM and UIM claims begins to run from the date of the accident. Id. at 354, 676 A.2d 1074.
In reaching its decision, the Court reasoned:
We believe, however, that once an automobile accident victim knows or has reason to know that a "target defendant" is underinsured, the contract permits the accident victim to make a UIM claim under the policy. A cause of action accrues because "there exists a claim capable of present enforcement."
[Id. at 352, 676 A.2d 1074 (quoting Les Moise, Inc. v. Rossignol Ski Co., 122 Wis.2d 51, 361 N.W.2d 653, 656 (1985)).]
Thus, the factual circumstances here are distinguishable and were expressly anticipated as such in the rationale the Court expressed in Green. In Green, the plaintiff was aware at the time of the accident of the serious nature of his injuries and that his UIM coverage would be applicable because of the lesser coverage held by the target vehicle. By contrast, at the time of the subject accident, plaintiff was on notice from the police report that the adverse driver was insured by Security. Moreover, at the time plaintiff filed her personal injury lawsuit and during its pendency, up until June 30, 2004, both Koonce and his employer were defended by Security. Prior to the June 30 insolvency, the only *861 reasonable belief that could be formed by plaintiff was that the adverse driver was insured and, therefore, she had no potential or, for that matter, enforceable UM claim against GMAC.
Accordingly, plaintiff's UM claim did not accrue until the order was issued declaring Security insolvent and enjoining her from pursuing and collecting a claim against Security based upon its insureds' liability. The judgment dismissing plaintiff's complaint is reversed and the matter is remanded for further proceedings.
NOTES
[1] Because Jill Golden was the one injured and her husband's claim is limited to loss of consortium, we refer to her as plaintiff.
[2] Defendants were defended by Security. The Security policy had a liability limit of $300,000.
[3] It appears from the information submitted that plaintiff was insured with a policy issued by National General Insurance Company, a subsidiary of GMAC.