Phyllis M. LANDIS, individually, and as personal
representative for the estate of Edward E. Landis,
Plaintiffs-Respondents-Petitioners,

v.

PHYSICIANS INSURANCE COMPANY OF WISCONSIN, INC.,
Midelfort Clinic, Ltd., Mayo Health System, Luther
Hospital and Wisconsin Patients Compensation Fund,
Defendants-Appellants,

M. Terry McENANY, M.D., Defendant.

Supreme Court

*No. 00–0330. Oral argument January 30, 2001.—Decided
July 3, 2001.*

2001 WI 86

(Also reported in 628 N.W.2d 893.)

*See Callaghan's Wisconsin Digest, same topic and section number.

3

For the plaintiffs-respondents-petitioners there were briefs by *J. Drew Ryberg, Michael J. Happe* and *Kelly & Ryberg, S.C.*, Eau Claire, and oral argument by *Michael J. Happe*.

For the defendants-appellants there was a brief by *Joy L. O'Grosky, Timothy J. Cesar* and *Axley Brynelson, LLP,* Madison, and oral argument by *Joy L. O'Grosky*.

¶ 1. DAVID T. PROSSER, J. This is a review of a published decision of the court of appeals, *Landis v. Physicians Insurance Co. of Wisconsin, Inc.*, 2000 WI App 164, 238 Wis. 2d 190, 616 N.W.2d 910, reversing an order of the circuit court for Eau Claire County, Benjamin D. Proctor, Judge. The plaintiffs in this action are Phyllis M. Landis, individually, and as personal representative for the estate of her late husband Edward E. Landis. The defendants are Physicians Insurance Company of Wisconsin, Inc.; Midelfort Clinic; Mayo Health System; Luther Hospital; the Wis-

consin Patients Compensation Fund; and a heart surgeon, M. Terry McEnany, M.D. Mrs. Landis is suing for alleged medical malpractice attributable to the defendants that resulted in the death of Edward Landis. One of the defendants, Dr. McEnany, performed heart surgery on Mr. Landis.

¶ 2. The circuit court denied the defendants' motion to dismiss the plaintiffs' medical malpractice complaint. The defendants' motion relied on Wis. Stat. § 893.55(1)(b)(1999–2000)[1] in asserting that the five-year time limit in this statute for filing a medical malpractice action expired before the commencement of the action. The circuit court disagreed, concluding that the mediation process mandated by Wis. Stat. § 655.44, in particular the tolling provision in subsection (4), tolled the five-year limitation for filing actions.

¶ 3. The court of appeals granted the defendants leave to appeal the circuit court's nonfinal order. It then reversed, determining that the § 655.44 mediation process did not toll the five-year limitation. The court of appeals concluded that the five-year limitation in § 893.55(1)(b), which operates as a statute of repose, was not tolled because § 655.44(4) tolls "[a]ny applicable statute of *limitations*" but does not toll any applicable statute of *repose*. Wis. Stat. § 655.44(4) (emphasis added). The court of appeals noted the difference between a statute of limitations and a statute of repose, basing its decision on: (1) statements made in cases and *Black's Law Dictionary* (7th ed. 1999) about the difference between statutes of limitations and statutes of repose; and (2) the interplay among Wis. Stat. §§ 655.44, 655.445, and 893.55.

---

[1] All statutory references are to the 1999–2000 version of the Wisconsin Statutes, unless otherwise noted.

¶ 4. The issue before this court is whether the five-year deadline for filing actions contained within Wis. Stat. § 893.55(1)(b) is tolled when a party requests mediation of a medical malpractice dispute pursuant to Wis. Stat. § 655.44.

¶ 5. We conclude that the § 655.44 mediation process tolls the five-year deadline for filing a medical malpractice action under § 893.55(1)(b). When the legislature wrote the language in § 655.44(4) tolling "[a]ny applicable statute of limitations," it intended to include any applicable statute of repose. In this subsection, the legislature made no distinction between a statute of limitations and a statute of repose. In numerous other statutes, the legislature has not differentiated with a precise statutory label whether a time limitation for commencing an action is a statute of limitations or a statute of repose. The term "statute of repose" is largely a judicial label for a particular type of limitation on actions. Accordingly, we reverse the decision of the court of appeals.

I

¶ 6. On March 17, 1994, Mr. Landis underwent heart surgery. Dr. McEnany performed the surgery, a septuple (7) coronary bypass. About two weeks later, on April 1, 1994, Mr. Landis died. Mrs. Landis alleges that Mr. Landis died "through the negligence of defendants in their failure to elicit informed consent and to provide reasonable care for Mr. Landis."

¶ 7. In the late winter and early spring of 1999, Dr. McEnany received significant media attention in the Eau Claire area. For example, according to newspaper articles in the record, the Eau Claire Leader-Telegram reported that there was a high patient death rate in connection with Dr. McEnany's surgeries. This

6

was almost five years after Mr. Landis died. According to Mrs. Landis, she learned from media reports that her husband's death might have been caused by Dr. McEnany's negligence.[2] Mrs. Landis claims she discovered this alleged negligence in February 1999, about one month short of five years after the surgery.

¶ 8. During the following month, on March 8, 1999, Mrs. Landis filed a request for mediation pursuant to Wis. Stat. § 655.44. This was about one week short of the five-year limitation for commencing an action concerning the alleged act of negligence in the Landis surgery (namely, March 17, 1999).[3]

¶ 9. Wisconsin Stat. § 655.43 requires that a claimant and all respondents in a medical malpractice dispute participate in "mediation" to assist in the "informal, inexpensive and expedient" resolution of dis-

---

[2] In the fall of 1999, in a motion to the circuit court for change of venue, the defendants claimed the local media's coverage of Dr. McEnany's alleged negligence had so tainted the local populace that the defendants could not receive a fair trial in Eau Claire County. In that motion, the defendants noted that as of the fall of 1999 there were six cases pending in the county's circuit court arising out of Dr. McEnany's treatment of patients and there were an additional twelve cases involving patients pursuing claims through mediation. In addition, the defendants presented the circuit court with a poll conducted in the county showing a high number of county residents had developed negative opinions about Dr. McEnany and his treatment of patients. The circuit court denied the defendants' motion for change of venue.

[3] For purposes of this analysis, we use March 17, 1994—the date of the Landis surgery—as the triggering "date of the act or omission." The "date of the act or omission" is the language used in Wis. Stat. § 893.55(1)(b). There is no dispute that Mrs. Landis filed a request for mediation within the five-year limitation.

putes.[4] Wis. Stat. § 655.42(1). Section 655.44 allows a plaintiff alleging medical malpractice to request mediation *before* filing an action in circuit court.[5] A parallel provision, Wis. Stat. § 655.445, allows a plaintiff to file a request for mediation *after* filing an action in circuit court.[6] Mrs. Landis chose to request mediation before

[4] Wisconsin Stat. § 655.43 provides: "The claimant and all respondents named in a request for mediation filed under s. 655.44 or 655.445 shall participate in mediation under this subchapter."

[5] Wisconsin Stat. § 655.44 provides in pertinent part:

(1) REQUEST AND FEE. Beginning September 1, 1986, any person listed in s. 655.007 having a claim or a derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider may file a request for mediation and shall pay the fee under s. 655.54.

. . . .

(4) STATUTE OF LIMITATIONS. Any applicable statute of limitations is tolled on the date the director of state courts receives the request for mediation if delivered in person or on the date of mailing if sent by registered mail. The statute remains tolled until 30 days after the last day of the mediation period under s. 655.465 (7).

(5) NO COURT ACTION COMMENCED BEFORE MEDIATION. Except as provided in s. 655.445, no court action may be commenced unless a request for mediation has been filed under this section and until the expiration of the mediation period under s. 655.465 (7).

[6] Wisconsin Stat. § 655.445 provides in pertinent part:

(1) COMMENCING ACTION. REQUEST AND FEE. Beginning September 1, 1986, any person listed in s. 655.007 having a claim or a derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider shall, within 15 days after the date of filing an action in court, file a request for mediation. The request shall be prepared and delivered in person or sent by registered mail to the director of state courts, in the form and manner required under s. 655.44 (2)

filing an action in circuit court. Thus, she proceeded under § 655.44. Under either § 655.44 or § 655.445, when a plaintiff files a request for mediation, the filing triggers a mandatory 90-day mediation period.[7]

¶ 10. During the 90-day mediation period in this case, the parties did not reach a settlement. During this period, Mrs. Landis was prohibited by Wis. Stat. § 655.44(5) from filing an action in circuit court, even though the five-year deadline from Mr. Landis's surgery passed.

¶ 11. The plaintiffs believe that the tolling provision in Wis. Stat. § 655.44(4) tolled the five-year time limitation in Wis. Stat. § 893.55(1)(b). The defendants disagree, reasoning that the five-year time limitation in § 893.55(1)(b) was not tolled because § 655.44(4) applies only to statutes of limitations, not statutes of repose. After Mrs. Landis filed a complaint in circuit court, the defendants moved to dismiss the complaint.

and (3), together with a notice that a court action has been commenced and the fee under s. 655.54 shall be paid.

. . . . .

(3) NO COURT PROCEEDINGS BEFORE MEDIATION. For actions filed under sub. (1), no discovery may be made and no trial, pretrial conference or scheduling conference may be held until the expiration of the mediation period under s. 655.465 (7).

[7] Under Wis. Stat. § 655.465(7), the mediation period under Wis. Stat. § 655.44 or § 655.445 lasts 90 days if the request is personally delivered to the director of state courts. Wis. Stat. § 655.465(7). If the request is mailed to the director of state courts, the mediation period lasts 93 days from the date of mailing the request. *Id.* Nevertheless, under either § 655.44 or § 655.445, if all parties to a dispute can agree in writing to a longer period of mediation, § 655.465(7) allows a longer period for the purposes of applying Wis. Stat. §§ 655.44(4) and (5) and 655.445(3). For the sake of simplicity, we refer to this period as a 90-day mediation period.

The circuit court denied the motion, but the court of appeals reversed, adopting the defendants' reading of § 655.44(4).

## II

¶ 12. This case involves the application of a statute to undisputed facts. This is a question of law that we review de novo. *Nelson v. McLaughlin*, 211 Wis. 2d 487, 495, 565 N.W.2d 123 (1997). In addition, this disagreement requires us to engage in statutory interpretation.

¶ 13. Statutory interpretation presents a question of law that this court reviews de novo, *Reyes v. Greatway Insurance Co.*, 227 Wis. 2d 357, 364–65, 597 N.W.2d 687 (1999), benefiting from the analyses of the circuit court and the court of appeals. *Meyer v. Sch. Dist. of Colby*, 226 Wis. 2d 704, 708, 599 N.W.2d 339 (1999).

¶ 14. The purpose of statutory interpretation is to discern the intent of the legislature. *McEvoy v. Group Health Coop.*, 213 Wis. 2d 507, 528, 570 N.W.2d 397 (1997). To determine this intent, we look first to the plain language of the statute. *Id.* If the language of the statute clearly and unambiguously sets forth the legislative intent, it is our duty to apply that intent to the case at hand and not look beyond the statutory language to ascertain its meaning. *Reyes*, 227 Wis. 2d at 365.

¶ 15. If the language of the statute is ambiguous and does not clearly set forth the legislative intent, the court will resort to judicial construction. *Kelley Co. v.*

*Marquardt*, 172 Wis. 2d 234, 247–48, 493 N.W.2d 68 (1992). We ascertain legislative intent through judicial construction in relation to a number of extrinsic factors, including the legislative object intended to be accomplished, *id.* at 248, and the statute's scope, history, context, and subject matter. *Beard v. Lee Enters., Inc.*, 225 Wis. 2d 1, 10, 591 N.W.2d 156 (1999). A statute is ambiguous if it is capable of being understood by a reasonably well-informed person in either of two senses. *Reyes*, 227 Wis. 2d at 365. Depending on the facts of a case, the same statute may be ambiguous in one setting and unambiguous in another. *Id.*

¶ 16. In addition, although "it is true that statutory interpretation begins with the language of the statute, it is also well established that courts must not look at a single, isolated sentence or portion of a sentence, but at the role of the relevant language in the entire statute." *Alberte v. Anew Health Care Serv.*, 2000 WI 7, ¶ 10, 232 Wis. 2d 587, 605 N.W.2d 515. Moreover, in interpreting a statute, courts must attempt to give effect to every word of a statute, so as not to render any portion of the statute superfluous. *County of Jefferson v. Renz*, 231 Wis. 2d 293, 305, 603 N.W.2d 541 (1999).

### III

¶ 17. Wisconsin Stat. § 893.55 places various restrictions on medical malpractice actions, including time limitations for commencing an action. Section 893.55(1) allows a plaintiff to commence a medical malpractice action within the *later* of the following two options:

(a) Three years from the date of injury, or

> (b) One year from the date the injury was discovered, or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

Wis. Stat. § 893.55(1)(a)–(b). Subsection (1)(a).uses the term "injury." Because more than three years had passed from the time of Mr. Landis's surgery and death, Mrs. Landis did not meet the deadline under subsection (1)(a). Mrs. Landis claims to have discovered the defendants' negligence in February 1999. Thus, subsection (1)(b) applies to this case because it is the later deadline. Under the "repose" clause in paragraph (b), the maximum time limit for filing suit is "5 years from the date of the act or omission."

¶ 18. To pursue a medical malpractice claim, a claimant must request mediation. Section 655.44 allows a claimant to request mediation before filing an action in circuit court, while § 655.445 permits a claimant to file for mediation after initiating an action in circuit court.[8]

¶ 19. Under either statutory path, the claimant and all respondents named in a request for mediation must participate in mediation. Wis. Stat. § 655.43. The interplay between §§ 655.44 and 655.445 demonstrates that claimants have a choice on how to proceed when attempting to resolve a dispute. Under either option, a 90-day mediation period ensues.

¶ 20. In this case, Mrs. Landis filed a mediation request on March 8, 1999, before she filed an action in circuit court. A 90-day mediation period followed. Dur-

---

[8] A claimant proceeding under Wis. Stat. § 655.445 (allowing commencement of action before filing request for mediation) must file a request for mediation within 15 days of commencing an action in circuit court.

ing this mediation period, Mrs. Landis was prohibited from filing a lawsuit. Wis. Stat. § 655.44(5). However, during this mediation period, the five-year deadline for filing suit under Wis. Stat. § 893.55(1)(b) passed.

¶ 21. Thus, the dispute in this case is whether the tolling provision in Wis. Stat. § 655.44(4) tolls the five-year time limitation for filing actions in Wis. Stat. § 893.55(1)(b). Wisconsin Stat. § 655.44(4) provides:

> STATUTE OF LIMITATIONS. *Any applicable statute of limitations is tolled* on the date the director of state courts receives the request for mediation if delivered in person or on the date of mailing if sent by registered mail. The statute remains tolled until 30 days after the last day of the mediation period under s. 655.465 (7).

Wis. Stat. § 655.44(4) (emphasis added).

¶ 22. Had Mrs. Landis chosen to proceed under Wis. Stat. § 655.445 and filed an action in circuit court on March 8, 1999, instead of filing a request for mediation as she did, there is no dispute that this action would have been commenced within the five-year time limitation. Under that scenario, mediation would have ensued and if no agreement were reached, Mrs. Landis could have proceeded with the action already filed in circuit court.

¶ 23. Mrs. Landis chose to go the other route, first filing for mediation. The defendants contend that the five-year limitation in Wis. Stat. § 893.55(1)(b) was not tolled during the mediation period because the tolling provision in § 655.44(4) tolls only "[a]ny applicable statute of *limitations*," not any applicable statute of *repose*. Wis. Stat. § 655.44(4) (emphasis added). The plaintiffs counter that when the legislature decided that a mediation request would toll "[a]ny applicable statute of limitations," it intended that all time limita-

13

tions be tolled, including any applicable statute of repose.

¶ 24. The defendants rely in great part upon the availability of an option for a claimant to file an action in circuit court before filing a request for mediation. They argue that a claimant in Mrs. Landis's shoes should file an action in circuit court before filing a request for mediation, to avoid the time limitation in Wis. Stat. § 893.55(1)(b). The defendants contend that this was the legislature's purpose in creating § 655.445.

## IV

### A. Ambiguity

■

¶ 25. Our focus in this case is on Wis. Stat. § 655.44(4). Our goal is to discern the legislature's intent when it enacted this provision. *Reyes*, 227 Wis. 2d at 365.

¶ 26. Did the legislature intend in Wis. Stat. § 655.44(4) to *include* a statute of repose within the phrase "[a]ny applicable statute of limitations," or did it intend to *exclude* a statute of repose by distinguishing it from a statute of limitations? The answer is not clear from the language of the statute. The term "statute of limitations" is ambiguous because it can be understood in two different senses by reasonably well-informed persons, and there are persuasive reasons for each interpretation.

¶ 27. Like the court of appeals, we have examined *Black's Law Dictionary* to decipher the difference between a statute of limitations and a statute of repose. *Landis*, 238 Wis. 2d 190, ¶ 5 n.4. This examination demonstrates the ambiguity of the phrase

"[a]ny applicable statute of limitations" in Wis. Stat. § 655.44(4). We have studied three editions of *Black's Law Dictionary*. The evolving definitions in these volumes—the oldest of which was current at the time § 655.44 was passed—show the ambiguity of the words.

¶ 28. The seventh edition of *Black's Law Dictionary* defines a statute of limitations in pertinent part as follows:

> A statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered). The purpose of such a statute is to require diligent prosecution of known claims, thereby providing finality and predictability in legal affairs and ensuring that claims will be resolved while evidence is reasonably available and fresh.

*Black's Law Dictionary* 1422 (7th ed. 1999). Meanwhile, the same edition defines "statute of repose":

> A statute that bars a suit a fixed number of years after the defendant acts in some way (as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered any injury. Cf. Statute of Limitations.

> "A statute of repose. . .limits the time within which an action may be brought and is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered. Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted."

15

*Id.* at 1423 (quoting 54 C.J.S. *Limitations of Actions* § 4, at 20–21 (1987)), *quoted in Landis,* 238 Wis. 2d at ¶ 5 n.4.

¶ 29. In the seventh edition of *Black's,* the legal distinction between a statute of limitations and a statute of repose is that a statute of limitations begins to run when a cause of action accrues, as opposed to a statute of repose, which begins to run when the "defendant acts in some way (as by designing or manufacturing a product)."[9] *Id.* This edition presents a relatively clear distinction between a statute of limitations and a statute of repose.

¶ 30. Going backward, the sixth edition of *Black's Law Dictionary* defines a statute of limitations in pertinent part as follows:

> Statutes of the federal government and various states setting maximum time periods during which certain actions can be brought or rights enforced. After the time period set out in the applicable statute of limitations has run, no legal action can be brought regardless of whether any cause of action ever existed.

*Black's Law Dictionary* 927 (6th ed. 1990). Within the definitional section for a statute of limitations, the sixth edition compares statutes of limitations to statutes of repose:

> *Statute of repose compared.* While statutes of limitation are sometimes called "statutes of repose," the

---

[9] This court has acknowledged that this is the distinction between a statute of limitations and a statute of repose. *Aicher v. Wis. Patients Comp. Fund,* 2000 WI 98, ¶ 26, 237 Wis. 2d 99, 613 N.W.2d 849; *Tomczak v. Bailey,* 218 Wis. 2d 245, 252, 578 N.W.2d 166 (1998).

former bars right of action unless it is filed within a specified period of time after injury occurs, while "statute of repose" terminates any right of action after a specific time has elapsed, regardless of whether there has as yet been an injury.

*Id.* (citation omitted). The sixth edition of *Black's Law Dictionary* also has a distinct definition for a statute of repose:

"Statutes of limitations" extinguish, after period of time, right to prosecute accrued cause of action; "statute of repose," by contrast, limits potential liability by limiting time during which cause of action can arise. It is distinguishable from statute of limitations, in that statute of repose cuts off right of action after specified time measured from delivery of product or completion of work, regardless of time of accrual of cause of action or of notice of invasion of legal rights.

*Id.* at 1411 (citations omitted).

¶ 31. The sixth edition of *Black's Law Dictionary* is not as clear as the seventh edition. In particular, we note the sixth edition indicates that "statutes of limitation are sometimes called 'statutes of repose' "—although it does so while explaining the distinction between the two concepts. *Id.* at 927.

¶ 32. The ambiguity in the term "statute of limitations" is most evident in the fifth edition of *Black's Law Dictionary*. The distinction between a statute of limitations and a statute of repose is not well drawn in the fifth edition. A statute of limitations is defined in relevant part as follows:

A statute prescribing limitations to the right of action on certain described causes of action or criminal prosecutions; that is, declaring that no suit shall

17

be maintained on such causes of action, nor any criminal charge be made, unless brought within a specified period of time after the right accrued. *Statutes of limitation are statutes of repose,* and are such legislative enactments as prescribe the periods within which actions may be brought upon certain claims or within which certain rights may be enforced.

*Black's Law Dictionary* 835 (5th ed. 1979) (emphasis added). The fifth edition does not contain a definition of statute of repose or compare a statute of repose to a statute of limitations. *See id.* at 835, 1169, 1264–66 (failing to define repose and statute of repose or to discuss the difference between a statute of limitations and a statute of repose).

¶ 33. The fifth edition of *Black's* was published in 1979. It was the most recent edition of *Black's* when the statute at issue was passed. We find it significant, for the purposes of analyzing Wis. Stat. § 655.44(4) that, at the time the legislation at issue passed, *the* most authoritative American legal dictionary contained a definition that "[s]tatutes of limitation *are* statutes of repose." *Id.* at 835 (emphasis added). *See also Black's Law Dictionary* 927 (6th ed. 1990) (indicating that "statutes of limitation are sometimes called statutes of repose"); *Black's Law Dictionary* 1423 (7th ed. 1999) (implying that statutes of repose are a type of statute of limitations by stating: "Unlike an *ordinary* statute of limitations which begins running upon accrual of the claim, the period contained in a statute of repose begins when a specific event occurs") (emphasis added).

¶ 34. The court of appeals relied on the seventh edition of *Black's* when it decided *Landis* last year. *Landis,* 238 Wis. 2d 190, ¶ 5 n.4. In 1995, the court of

appeals decided a case about punitive damages in medical malpractice cases and said:

> In the wake of its findings, the legislature enacted a medical malpractice statutory scheme to combat the increasing liability insurance costs. A statutory cap was placed on noneconomic damages, § 893.55(4)(d), STATS., *a special statute of limitations was introduced to prohibit the commencement of an action more than five years after the act or omission giving rise to the claim,* § 893.55(1)(b)[,] and a mediation system was established to provide an alternative means of resolving medical malpractice disputes. Section 655.42, STATS.

*Lund v. Kokemoor,* 195 Wis. 2d 727, 735, 537 N.W.2d 21 (Ct. App. 1995) (emphasis added).

¶ 35. The phrase "a special statute of limitations," referring to Wis. Stat. § 893.55(1)(b), is consistent with the definition of "statute of limitations" in the then-current sixth edition of *Black's.*

¶ 36. We think it is appropriate to pay attention to the dictionary definition of a statutory term that was contemporaneous with the enactment of the term. In this case, however, resort to the dictionary does not completely resolve the issue. Therefore, we conclude that the phrase "[a]ny applicable statute of limitations" is ambiguous and that the court is warranted in examining the language in relation to its context, subject matter, scope, history, and objective. *Kelley Co.,* 172 Wis. 2d at 248.

## B. Legislative Intent in Extrinsic Factors

## 1. Context

¶ 37. Wisconsin Stat. § 893.55(1)(b) contains a statute of repose that "limits the time period within which an action may be brought based on the date of the act or omission." *Aicher v. Wis. Patients Comp. Fund*, 2000 WI 98, ¶ 26, 237 Wis. 2d 99, 613 N.W.2d 849. Because a statute of repose bears no relation to the accrual of a cause of action and may take effect before an injury is discovered or even before an injury has occurred, a statute of repose can be quite arbitrary.

¶ 38. Against this background, the legislature created two clear statutory exceptions to the time limits in Wis. Stat. § 893.55(1)(b).

¶ 39. Wisconsin Stat. § 893.55(2) provides that if a health care provider conceals from a patient a prior act or omission of the provider which has resulted in injury to the patient, an action shall be commenced within one year of discovery of the concealment, or within one year of when the concealment should have been discovered, "*or within the time limitation provided by sub. (1), whichever is later*" (emphasis added). Subsection (2) is highly relevant to our inquiry. First, it creates an exception to the five-year limitation in subsection (1)(b). Second, it refers to subsection (1) as a statute with a "time limitation."

¶ 40. Wisconsin Stat. § 893.55(3) provides that when a foreign object which has no therapeutic or diagnostic purpose or effect has been left in a patient's body, an action shall be commenced within one year after the patient becomes aware or should have become aware of the object "*or within the time limitation provided by sub. (1), whichever is later*" (emphasis added).

Subsection (3) is also highly relevant. Like subsection (2), it creates an exception to the five-year limitation in subsection (1)(b). It also refers to subsection (1)(b) as a statute with a "time limitation."

¶ 41. The legislature's willingness to provide exceptions to the five-year limitation in § 893.55(1)(b) informs our interpretation when we turn to Wis. Stat. § 655.44(4). Inasmuch as two statutes override the applicable statute of repose in particular circumstances, there is no reason why a third statute should not effect the same objective.

¶ 42. We discern a second major clue to legislative intent in statutory context. Wisconsin Stat. § 655.44(4) uses the word "any" before the phrase "applicable statute of limitations." The word "any" is normally construed to mean "every." *Falk v. Tax Comm'n*, 218 Wis. 130, 134, 259 N.W. 624 (1935); *Juneau v. Wis. Tax Comm'n*, 184 Wis. 485, 488, 199 N.W. 63 (1924); *Coutts v. Wis. Ret. Bd.*, 201 Wis. 2d 178, 190, 547 N.W.2d 821 (Ct. App. 1996). Thus, Wis. Stat. § 655.44(4) may be interpreted to read: *Every* applicable statute of limitations is tolled on the date the director receives the request for mediation. The word "any" is not consistent with the narrow construction urged by the defendants.

¶ 43. Looking back to Wis. Stat. § 893.55, we see its present title: "Medical malpractice; *limitation of actions*" (emphasis added). When § 655.44(4) was approved, the title of § 893.55 was "*Limitation of actions*; medical malpractice" (emphasis added). Wis. Stat. § 893.55 (1983–84). In addition, we see the references in subsections (2) and (3) to the "time limitation" in subsection (1). We also see that the statute of repose

in § 893.55(1)(b) is merely a clause within a paragraph and that the paragraph begins as a statute of limitations. It is "well established that courts must not look at a. . .portion of a sentence, but at the role of the relevant language in the entire statute." *Alberte*, 232 Wis. 2d 587, ¶ 10.

¶ 44. The statutory context provides persuasive evidence that the legislature was comfortable creating exceptions to the statute of repose in § 893.55(1)(b), and that it intended to toll every part of the statute under § 655.44(4) because § 893.55(1) is an "applicable statute of limitations."

2. History

¶ 45. Chapter 655 of the statutes is entitled "Health Care Liability and Patients Compensation." This chapter was created by the legislature in 1975. Chapter 37, Laws of 1975. The original legislation created "formal panels" and "informal panels" to help resolve claims for bodily injury or death against health care providers. From the beginning, resort to the panels was mandatory. Wis. Stat. § 655.04(1)(b) (1975–76).

¶ 46. The original legislation provided that "[n]o action may be commenced in court unless the controversy has first been heard and findings and an order have been made by the panel." Wis. Stat. § 655.04(1)(b) (1975–76). Concurrently, subsection (6) of § 655.04 provided: "The filing of the submission of controversy shall toll any applicable statute of limitations, and such statute of limitations shall remain tolled until 30 days after the hearing panel issues its written decision, or the jurisdiction of the panel is otherwise terminated."

22

¶ 47. Wisconsin Stat. § 893.55 did not exist in 1975.[10] It was created in 1980 by Chapter 323, Laws of 1979. Chapter 323 was a general revision of the statutes of limitations. *Aicher*, 237 Wis. 2d 99, ¶ 23. 1979 Assembly Bill 326, which led to Chapter 323, described itself as "An Act. . .relating to claim procedures against government entities and employes, and *statutes of limitations*" (emphasis added).

¶ 48. This history is important. First, the legislation creating § 893.55 described itself as an act relating to "statutes of limitations." Second, from the time Chapter 323 took effect in 1980 until the subsequent revision of the law on patient compensation panels in 1986, a claimant who went to one of the voluntary panels must have assumed that he or she was tolling all of § 893.55(1) by going to the panel, because the claimant had no option to file suit first.

¶ 49. Wisconsin Stat. § 655.19 (1975–76) also provided that "unless the parties have stipulated in writing under § 655.07 to be bound by the panel determination, any party to a panel hearing may, within 120 days after the date of an order made by a panel, commence an action for a trial in the circuit or county court." By using the term "any party," the statute contemplated court action by both claimants and respondents. Why would the legislature give a respondent the right to go to court to challenge something a panel did but deny a claimant the right to go to court (after the five-year deadline in the statute of repose) to confirm something the panel did?

¶ 50. Defendants argue that a right to file a suit before going to mediation was created in 1986 to "save

---

[10] The applicable statute of limitations was a three-year statute of limitations without a statute of repose. Wis. Stat. § 893.205 (1975–76).

those plaintiffs confronted with a statute of repose." The problem with this argument is that there was a tolling provision in the original 1975 statute with the same words found in present law. The phrase "[t]he filing of the submission of controversy shall toll any applicable statute of limitations," from the 1975 statute, is equivalent to the phrase, "[a]ny applicable statute of limitations is tolled," in the current statute. The words were carried over in 1986. We see no evidence that the 1975 words, carried over to present law, have ever failed to save plaintiffs from the statute of repose—until this case.

3. Purpose

¶ 51. Statutes of limitation and statutes of repose share at least one common objective. They require timely notice to defendants that they will be required to defend a suit. When a claimant files for mediation under Wis. Stat. § 655.44, the same objective is served. Notice is given and defendants are put on alert.

¶ 52. In *Aicher*, this court discussed the purposes behind statutes of limitation and statutes of repose:

Statutes of limitation, which "are found and approved in all systems of enlightened jurisprudence," articulate the principle that it is more just to put the adversary on notice to defend a claim within a specified period of time than to permit unlimited prosecution of stale claims. Statutes of limitation promote fair and prompt litigation and protect defendants from stale or fraudulent claims "brought after memories have faded or evidence has been lost.". . .Statutes of repose operate similarly to protect both plaintiffs and defendants from litigating claims in which the truth may be obfuscated by

death or disappearance of key witnesses, loss of evidence, and faded memories.

*Aicher*, 237 Wis. 2d 99, ¶ 27 (citations omitted). Tolling "[a]ny applicable statute of limitations," including a statute of repose, for mediation, does not undermine the basic purpose of these statutes.

¶ 53. Little would be gained by requiring the commencement of an action in court. Whether a claimant proceeds under Wis. Stat. § 655.44 or § 655.445, defendants are put on timely notice and they may begin preserving evidence, locating witnesses, and developing theories of defense, even though the formal process of discovery cannot begin.

¶ 54. Something would be lost, however, if the process were to begin with a lawsuit. The legislature intends the mediation system to provide claimants and defendants "with an informal, inexpensive and expedient means for resolving disputes without litigation." Wis. Stat. § 655.42(1).

¶ 55. The defendants' argument runs counter to the basic goals of the mediation system because it would force some persons to file an action in circuit court before engaging in mediation. This could have some effect on litigation, encouraging claimants who might otherwise not proceed with an action in court to go forward because they had already filed a complaint. Our holding today ensures that all claimants, whether or not faced with the impending passage of the five-year time limitation for commencing an action, can pursue resolution through Chapter 655 mediation.

¶ 56. The defendants argue that the legislature created Wis. Stat. § 655.445 (allowing filing of medical malpractice action in circuit court before requesting mediation) for the purpose of preventing the situation that occurred here. They insist that any reading of

§ 655.44 to toll the five-year statute of repose would render § 655.445 superfluous. We disagree.

¶ 57. First, the defendants argue that § 655.445 was created so that a claimant could file a complaint and avoid the passing of the five-year limitation in situations in which the five-year limitation is close to running. However, this is not the only purpose for § 655.445. Section 655.445 allows a claimant to commence an action in circuit court *at any time* before the expiration of the appropriate time limitation in Wis. Stat. § 893.55(1). Thus, a claimant can take advantage of the chance to commence a circuit court action whether or not a time limitation is about to expire.

¶ 58. It is apparent that the legislature wanted claimants to have a choice: (1) to demonstrate a willingness to cooperate with a defendant in resolving a matter through mediation by first filing a mediation request under Wis. Stat. § 655.44; or (2) to demonstrate the gravity of a matter by first commencing an action in circuit court under Wis. Stat. § 655.445. Whatever the reason, the legislature has decided claimants should have a choice on how to proceed *at any time* within the applicable time limitation, not just near the statutory deadline. Thus, § 655.445 is not rendered superfluous as a result of our interpretation of § 655.44(4).

¶ 59. We have reviewed the legislative history of Wis. Stat. Ch. 655 Subch. VI, *see* 1985 Wis. Act 340, § 69r (creating Wis. Stat. Ch. 655 Subch. VI, the current mediation scheme), as well as the prior statutory mediation plan. Wis. Stat. Ch. 655 Subch. II (1983–84). The prior mediation scheme was substantially modified by 1985 Wis. Act 340.[11] We have found nothing in

---

[11] Prior to 1985 Wis. Act 340, a person who pursued a medical malpractice claim was required to engage in mediation before commencing an action in circuit court. Wis. Stat.

the Legislative Reference Bureau's (LRB) drafting file to support the defendants' argument concerning the tolling of the five-year limitation in Wis. Stat. § 893.55(1)(b). Rather, the analysis of 1985 Wis. Act 340 by the LRB demonstrates that the legislature simply wanted claimants to have an option in how to resolve a dispute with a health care provider. Legislative Reference Bureau Bill Drafting File for 1985 Wis. Act 340 (failing to indicate that Wis. Stat. § 655.445 was intended to accommodate cases in which the five-year limitation in § 893.55(1)(b) was close to expiration, stating directly: "Claimants may file a request for mediation before filing in court or simultaneously with a court filing.") (analysis by the LRB attached to the second draft of 1986 A.B. 4 (Special Session)).

§ 655.04(1)(b) (1983–84). There was not an option in which a claimant could commence an action in circuit court before mediation, *id.*, as there is currently. Wis. Stat. § 655.445.

The phrase "[a]ny applicable statute of limitations" from Wis. Stat. § 655.44(4) originated with language from the tolling provision in the prior statutory mediation system. Wis. Stat. § 655.04(6) (1983–84) ("The filing of the submission of controversy [tantamount to a mediation request] shall toll *any applicable statute of limitations*, and such statute of limitations shall remain tolled until 60 days after the [mediation] panel issues its written decision and order, or the jurisdiction of the panel is otherwise terminated.") (emphasis added). This phrase was carried over to the current scheme. *Compare* Wis. Stat. § 655.04(6) (1983–84) *with* Wis. Stat. § 655.44(4). There is no evidence in the legislative history of 1985 Wis. Act 340, however, that the legislature created Wis. Stat. § 655.445—the option to commence an action before requesting mediation—*because* the phrase "[a]ny applicable statute of limitations" would not operate to toll the five-year limitation in Wis. Stat. § 893.55(1)(b) when a claimant proceeds under § 655.44.

27

¶ 60. The defendants also contend that "[a]ny argument which ignores that the medical malpractice statute of repose is distinct from the statute of limitation, contravenes this court's prior rulings." We acknowledge that our opinions have long regarded statutes of limitations as different from statutes of repose,[12] but we note that these opinions have wrestled with how a statute of limitations or statute of repose operates, or whether a limitations statute bears on some constitutional right. We have not previously focused on whether the legislature's use of the words "[a]ny applicable statute of limitations" in a tolling provision includes an applicable statute of repose. *See Aicher*, 237 Wis. 2d 99; *Estate of Makos v. Wis. Masons Health Care Fund*, 211 Wis. 2d 41, 564 N.W.2d 662

---

[12] *See Pulchinski v. Strnad*, 88 Wis. 2d 423, 428, 276 N.W.2d 781 (1979) (citing *Heifetz v. Johnson*, 61 Wis. 2d 111, 115, 211 N.W.2d 834 (1973); *Haase v. Sawicki*, 20 Wis. 2d 308, 311, 121 N.W.2d 876 (1963); *Md. Cas. Co. v. Beleznay*, 245 Wis. 390, 393, 14 N.W.2d 177 (1944)) ("In Wisconsin law, statutes of limitation are not treated as statutes of repose."). However, the statement made in *Pulchinski* addressed an entirely different issue than this case. In *Pulchinski*, and the cases it cites, this court considered issues relating to the difference between enlarging the time to commence an action when a statute of limitations has expired, versus when a statute of repose has expired. *Id.* (citing cases above). The court of appeals cited *Pulchinski* for the proposition that " '[i]n Wisconsin law, statutes of limitation are not treated as statutes of repose.' " *Landis v. Physicians Ins. Co. of Wis., Inc.*, 2000 WI App 164, ¶ 5 n.4, 238 Wis. 2d 190, 616 N.W.2d 910 (quoting *Pulchinski*, 88 Wis. 2d at 428). The analysis of this issue and the statements made in those cases as to the different treatment of statutes of limitation and statutes of repose are inapplicable in considering the legal issue in this case.

(1997), *overruled by Aicher*, 237 Wis. 2d 99, ¶ 6. The issue in this case is fundamentally different.[13]

¶ 61. A review of Wis. Stat. Ch. 893—a chapter that substantially regulates time limitations on commencing a variety of actions—shows the legislature does not employ the phrase "statute of repose."[14] The

[13] The dissent argues that our opinion "ostensibly withdraws from *Aicher*" and similarly that we conclude "statutes of repose are one and the same as statutes of limitations." Dissent at ¶¶ 83, 89. The dissent is not correct in these statements.

First, there is no retreat from our holding in *Aicher*. Our holding as to the constitutionality of Wis. Stat. §§ 893.55(1)(b) and 893.56 is unaffected by this decision. Moreover, our statements in *Aicher* concerning the difference between a statute of repose and a statute of limitations remain sound.

Second, unlike *Aicher*, this case is not about the constitutionality of a statute of repose. This case is about what the legislature meant when it said that "[a]ny applicable statute of limitations" is tolled when a claimant files a request for mediation under Wis. Stat. § 655.44. This case is about how the legislature labels or names things, and it is apparent that the legislature does not use the label "statute of repose." The dissent points to the 72 total case references in state history to statutes of repose, but it has not pointed to a single statute in force that even contains the word "repose"—despite the argument that the term "statute of repose" has been part of the "legal lexicon" for more than 100 years. In addition, no one has offered evidence that the legislature has ever used the words "statute of repose." While the concept of a statute of repose may have been part of the "legal lexicon" for more than a century, it has never been part of the legislative lingo in this state.

[14] Even statutes that plainly operate as statutes of repose are not called such by the legislature. Wis. Stat. § 893.66 (six-year limitations on actions against accountants); Wis. Stat. § 893.71 (three-year limitation on action to contest the validity of a change of any county seat); Wis. Stat. § 893.91 (two-year limitation on "action by a state or town. . .to recover expenses

legislature does, however, use many other phrases to describe temporal limitations on actions.[15] Moreover, computer database searches of the statutes show the legislature has not used the words "repose," "statute of repose," or "statutes of repose" in the text of *any* statute in force. It is apparent that the phrase "statute of repose" is judicial terminology and is not featured in legislative lingo.[16]

incurred in the suppression of a forest fire"). The legislature neither labels these provisions as statutes of repose nor refers to them in that manner.

As a further illustration, we have examined two bills that were unquestionably intended to create statutes of repose. Neither of the bills mentions the phrase "statute of repose" in the relating clause, the analysis by the LRB, or the text of the bill. 1993 Assembly Bill 531; 1991 Senate Bill 408.

[15] For example, the legislature has employed "period of limitation," Wis. Stat. § 893.04, "time limitation," Wis. Stat. § 893.55(2) and (3), "statutes of limitation," Wis. Stat. § 893.13 (title), "statute of limitations," Wis. Stat. §§ 893.135 and 893.137, and "law limiting the time for commencement of an action," Wis. Stat. §§ 893.14 and 893.15.

[16] The dissent alleges that we have failed to consider that the legislature is presumed to be aware of court decisions. Dissent at ¶ 81. Thus, according to the dissent, "[h]ad the legislature intended that § 655.44(4) applied to statutes of repose, as well as statutes of limitations, the legislature would have so stated." *Id.*

The problem with this analysis is that the terms "statute of repose" and "statute of limitations" have long been two of the most confusing and interchangeably used terms in the law. *See* Francis E. McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose*, 30 Am. U. L. Rev. 579, 582–87, 621 (1981) (reviewing interchangeable use of the phrases "statute of repose" and "statute of limitations" and confusion over the meaning of a statute of repose). As we said

30

## CONCLUSION

¶ 62. The phrase "[a]ny applicable statute of limitations" in Wis. Stat. § 655.44(4)—the provision that tolls time limitations when a party requests mediation of a medical malpractice dispute—is ambiguous when considering whether it tolls an applicable statute of repose. Judicial construction indicates the legislature intended that the five-year limitation in Wis. Stat. § 893.55(1)(b) be tolled when a party requests mediation pursuant to § 655.44.

*By the Court.*—The decision of the court of appeals is reversed.

¶ 63. ANN WALSH BRADLEY, J. *(concurring).* I join the majority opinion in its entirety. I write separately to address the dissenting opinion.

¶ 64. In a spirited writing, the dissent continues in its attempt to ride the *Makos*[1] train. The dissent is either unable, or unwilling, to acknowledge that *Makos* has no precedential value. Indeed, the *Makos* train never left the station.

¶ 65. What the dissent fails to acknowledge is what this court readily admitted only seven days after the *Makos* opinion was released: *Makos* has no precedential value. In *Doe v. Archdiocese of Milwaukee*, 211 Wis. 2d 312, 334 n.11, 565 N.W.2d 94 (1997), this court explained: "[T]he only 'majority' holding in [*Makos*] is the mandate. Of the four 'majority' justices, three separate opinions give three distinct reasons for the result.

above, the legislature has not yet chosen to use the words "statute of repose."

[1] *Estate of Makos v. Wisconsin Health Care Fund*, 211 Wis. 2d 41, 564 N.W.2d 662 (1997).

31

*Therefore, none of the opinions in that case has any precedential value.*" (Emphasis added).

¶ 66. The dissent continued to try to ride the *Makos* train last term in *Aicher. See Aicher v. Wisconsin Patients Comp. Fund*, 2000 WI 98, ¶¶ 86–92, 237 Wis. 2d 99, 613 N.W.2d 849 (Crooks, J., dissenting). Now, in the present case the dissent again attempts to stoke the *Makos* fires. In footnote 13 the dissent laments that *Aicher* overruled *Makos* "just three years after that decision." It erroneously suggests that *Makos* was precedent to overrule in the first instance. Again, in footnote 16, the dissent refuses to acknowledge that there was no majority opinion of precedential value in *Makos. See Aicher*, 2000 WI 98, ¶¶ 35–40 (explaining split decision in *Makos* and indicating that *Makos* "carries no precedential weight"); *see also Tomczak v. Bailey*, 218 Wis. 2d 245, 280, 578 N.W.2d 166 (1998) (Geske, J., concurring).

¶ 67. The dissent's unwillingness to acknowledge the fate of *Makos* is symptomatic of its flawed approach in this case. The dissent is unwilling to acknowledge that the term "statute of repose" is not part of the legislature's lexicon, but rather is a judicially created label used to describe a particular type of limitation on actions. Instead, the dissent derides the majority, while all the time ignoring this critical distinction.

¶ 68. I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON joins this concurrence.

¶ 69. N. PATRICK CROOKS, J. *(dissenting)*. The twists and turns the majority opinion engages in to allow Landis to continue her action are many. The statutes governing mediation and the commencement of medical malpractice actions are plain on their faces.

Had Landis complied with them, her action would have been timely filed. But she did not comply. Consequently, the majority opinion retreats from the position that was strenuously championed just a year ago—that "[s]tatutes of repose *are different* from statutes of limitations," and "represent legislative policy decisions that dictate when the courthouse doors close for particular litigants." *Aicher v. Wisconsin Patients Comp. Fund*, 2000 WI 98, ¶¶ 26–27, 237 Wis. 2d 99, 613 N.W.2d 849 (emphasis added).[1] Today, per the majority opinion, a " 'statute of repose' is largely a judicial label." Majority op. at ¶ 5. Last year, it was a legislative absolute. *See Aicher*, 2000 WI 98, ¶ 54. The sad irony of today's decision is that it appears from the result that the majority is more concerned with keeping the door to the courthouse open for an adult who failed to follow the law, than slamming the courthouse door closed for a child with no other recourse.[2] *See id.* at ¶¶ 86–92

[1] The majority opinion attempts to distinguish *Aicher v. Wisconsin Patients Compensation Fund*, 2000 WI 98, 237 Wis. 2d 99, 613 N.W.2d 849, on the basis that *Aicher* pertained solely to the *constitutionality* of a statute of repose, where this case is about legislative intent. *See* majority op. at ¶ 60 n.13. However, the constitutionality of the statute of repose in *Aicher* was wholly dependent upon legislative intent. *See, e.g., Aicher*, 2000 WI 98, ¶¶ 46, 50, 53, 54. If there is any distinction between the source for the majority's conclusions both here and in *Aicher*—namely, the legislature—it is a distinction without a difference.

[2] In *Aicher*, Ame Aicher was blinded in one eye as a result of an eye condition that was found, but not treated, during her newborn examination. *Aicher v. Wisconsin Patients Comp. Fund*, 2000 WI 98, ¶ 8, 237 Wis. 2d 99, 613 N.W.2d 849. The injury occurred within six months of the alleged negligent act. *Id.* at ¶ 7. However, the injury was not discovered until Ame was 13 years old. By that time, according to the majority of the

(Crooks, J., dissenting, joined by Bablitch, J.). I respectfully dissent from such a course of action.

¶ 70. Whether, as Landis argues, Wis. Stat. § 655.44 tolls the statute of repose in § 893.55(1)(b) is, as the majority acknowledges, a question of statutory interpretation. However, contrary to the majority's characterization of § 655.44(4), it is clear and unambiguous. A request for mediation tolls the statute of limitations, not the statute of repose. As the majority repeatedly indicated in *Aicher*, a statute of limitations is distinct from a statute of repose. *See* 2000 WI 98, ¶¶ 10, 26, 27, 28, 32, 46, 50, 53, 54, 60, 76, 77, 78, 83, 85. A statute of limitations "establishes the time frame within which a claim must be initiated after a cause of action actually accrues." *Id.* at ¶ 26. This time frame, also called "period of limitation" and "time limitation," is set by legislative statutes of limitations. Statutes of limitations dictate the time "within which an action may be commenced. . .computed from the time that the cause of action accrues until the action is commenced."[3] Wis. Stat. § 893.04; *see also* majority op. at ¶ 61 n.15. The applicable time frame here, set by § 893.55(1)(b), is one year from accrual, that is, one year from the date the injury was discovered, or should have been discovered. Landis alleges that she discovered the alleged negligence that gave rise to her claim

court, the applicable statutes of repose operated as a complete bar to any action, even though the doors to the courthouse had closed even before Ame realized that she had been injured. The majority repeatedly invoked the idea that it was solely within the purview of the legislature to enact statutes of repose, which, as the legislature knew according to the majority, were significantly different than statutes of limitations.

[3] An action is commenced once it is filed with the court. Wis. Stat. § 893.02.

in February, 1999. Her claim thus accrued then, and, to comply with the applicable statute of limitations, she would have had to file her action within a year. She did. Her action was filed on July 2, 1999.

¶ 71. However, Wis. Stat. § 893.55(1)(b) sets forth a statute of repose, that "an action may not be commenced under this paragraph more than 5 years from the date of the act or omission." This was firmly, and repeatedly, established in *Aicher*. *See, e.g.*, 2000 WI 98, ¶¶ 10, 11, 26, 85. The five-year repose provision has nothing to do with when a medical malpractice claim accrues.[4] It is not a statute of limitations; it is a statute of repose. "A statute of repose. . .limits the time period within which an action may be brought based on the date of the act or omission. Statutes of repose thus bear no relation to the accrual of a cause of action and can toll before an injury is discovered or even before an injury has occurred." *Id.* at ¶ 26 (footnote omitted). In short, "[s]tatutes of repose are different from statutes of limitations." *Id.* Not only are statutes of repose different than statutes of limitations, they are legislative enactments, reflecting "policy considerations better left to the legislative branch of government." *Id.* at ¶ 54; *see also* ¶ 27 ("statutes of repose represent legislative policy decisions that dictate when the courthouse doors close for particular litigants."); ¶ 46 ("The question of what the. . .statute of repose for a particular action should be is a fundamental question of public policy."); ¶ 50 ("This court has concluded many times that the legislature may sever a person's claim by. . .a statute of repose. . . ."). Just last year, a statute of repose was not

---

[4] Under Wis. Stat. § 893.55, a claim accrues when there has been an injury (sub. (1)(a)), the discovery of an injury (sub. (1)(b)), the discovery of a concealed act or omission (sub. (2)), or the discovery of a foreign object left in the body (sub. (3)).

a "judicial label," or a form of "judicial terminology," as the majority states it is today. *See* majority op. at ¶¶ 5, 61. This should hold true here.

¶ 72. Taking what the majority of the court said in *Aicher* at face value—that statutes of limitations are different from statutes of repose—a request for mediation under Wis. Stat. § 655.44(4) tolls only the one-year-after-discovery limitation period, but not the five-years-after-act-or-omission period, in § 893.55(1)(b). Let us examine what alleged wrong would result from applying these precepts here.

¶ 73. Landis was coming up against the five-year bar when she discovered the alleged negligence in February, 1999. Her husband's surgery was on March 17, 1994 and he died on April 1, 1994. The last possible date that would be five years after an act or omission pertaining to Landis' husband was April 1, 1999, and thus, that would be the last possible date to file an action not barred by the statute of repose.

¶ 74. However, the majority does acknowledge that mediation is required before a medical malpractice claim proceeds. *"Except as provided in s. 655.445*, no court action may be commenced unless a request for mediation has been filed under this section and until the expiration of the mediation period. . . ." Wis. Stat. § 655.44(5). By the time Landis discovered the alleged negligence in February of 1999, Landis could not have waited until the 90-day mediation period expired to file her complaint. May, 1999, would be too late.

¶ 75. Yet, as the majority points out, Wis. Stat. § 655.44 was not her only option; § 655.445, as a parallel provision, provided a choice. *See* majority op. at ¶¶ 9, 19. The legislature provided an exception to the requirement that mediation must be completed before an action is commenced in § 655.445, and according to

that choice, Landis could have filed her action first, and then completed mediation. Wis. Stat. § 655.445(1), (3).[5]

¶ 76. Landis needed only to have followed the law. No grievous result would have occurred in this case, had the majority held to the position that was espoused in *Aicher*. Unlike the situation in *Aicher*, Landis was left with a right, but no remedy. *See* 2000 WI 98, ¶¶ 86–92 (Crooks, J., dissenting, joined by Bablitch, J.).

¶ 77. The fact that the legislature specifically provided an exception to mediation-before-litigation indicates that the legislature contemplated that some plaintiffs may be nearing the five-year repose bar, when they contemplate filing a medical malpractice claim. By permitting such plaintiffs to commence their action *in conjunction with* a request for mediation (pursuant to Wis. Stat. § 655.445), rather than *after* the mediation period (pursuant to § 655.44), the legislature kept intact the impact of the statute of repose in § 893.55(1)(b). If the legislature intended § 655.44(4) to toll the statute of repose, there would have been no need to provide a statutory exception for plaintiffs approaching the expiration of time to commence their medical malpractice actions. The majority ought not to disregard the language and corresponding self-evident legislative purpose of § 655.44 and § 655.445, in preference to an alternative purpose constructed on sheer speculation. "Such reasoning is tantamount to declar-

[5] Contrary to the majority's conclusion, this option does not mean that mediation is foreclosed, nor does it favor litigation over mediation. *See* majority op. at ¶ 53, 54. Rather, mediation still precedes active litigation. "[N]o discovery may be made and no trial, pretrial conference or scheduling conference may be held until the expiration of the mediation period. . . ." Wis. Stat. § 655.445(3).

ing that all legislative decisions regarding time limitation periods are void unless the legislature agrees with this court's assessment of what constitutes good public policy." *Tomczak v. Bailey*, 218 Wis. 2d 245, 260, 578 N.W.2d 166 (1998).

¶ 78. The alternative purpose offered by the majority is that the legislature intended to provide medical malpractice claimants with what appears to be a strategic tactic, that is, claimants could either "first fil[e] a mediation request" to "demonstrate a willingness to cooperate with a defendant," or "first commenc[e] an action" "to demonstrate the gravity of a matter." *See* majority op. at ¶ 58. In enacting legislation, I would not impute to the legislature a motive or purpose of considering alternative approaches which reflect the claimant's attitude toward the defendant or toward his or her claim. Instead, I would assume that the legislature considers foremost sound public policy, e.g., "prompt litigation ensures fairness to the parties."[6] *Aicher*, 2000 WI 98, ¶ 53. Moreover, the majority's strategy-based purpose runs counter to the point of mediation, which is "an informal, nontechnical, inexpensive and expedient. . .process to assist in resolving disputes without litigation." *See* 1985 Wis. Act 340 (which enacted Wis. Stat. §§ 655.44 and 655.445), Drafting File, Report on Patients Compensation Panels; Mediation, VII.A. Nonetheless, the alleged purpose of the legislature that the majority offers does not correspond to the language of the statutes. Section 655.445(3) also requires mediation before the litigation proceeds, even though an action has been filed. The majority's tendered purpose also does not explain the

---

[6] I would also impute to the legislature a motive or purpose that, by its statutory enactments, it demonstrates "the gravity" that it attaches to every medical malpractice claim.

exception in § 655.44(5), which allows a claimant to file an action before mediation.

¶ 79. The majority claims that "[l]ittle would be gained" by applying the distinction between the statute of repose and the statute of limitations in Wis. Stat. § 893.55(1)(b), which was made plain by this court in *Aicher*. Majority op. at ¶ 53. If applied, however, § 893.55(1)(b)'s repose provision would remain in full force, undiluted. That is, no action would be commenced more than five years after the underlying act or omission. Apparently, this is just what the legislature intended, according to the Judicial Council Committee's Note accompanying the enactment of § 893.55(1): "Subsection (1) further provides that in no event may a malpractice action be commenced later than 6 [5] years from the time of the alleged act or omission."[7] Ch. 323, Laws of 1979.

¶ 80. Wisconsin Stat. § 655.44 also would remain intact, and in full force. It would be applied to toll the three-year-after-discovery and the one-year-after-discovery-of-injury or concealment or foreign object limitations periods in § 893.55(1), (2), and (3). Similarly, § 655.445 would fulfill one of its self-evident purposes, which is to permit the timely commencement of medical malpractice claims that accrued under the discovery rule in § 893.55(1)(b), and simultaneously promote the laudable goal of mediating those claims before active litigation ensues. The maxims of statutory construction which this court normally adheres to would be complied with, not ignored. A "fundamental rule of statutory construction requires that effect be given, if possible, to every word, clause, and sentence in a statute, and that a construction resulting in any por-

---

[7] An amendment to the original bill changed the repose period from six to five years.

tion of a statute being superfluous should be avoided whenever possible." *Blazekovic v. City of Milwaukee*, 2000 WI 41, ¶ 30, 234 Wis. 2d 587, 601, 610 N.W.2d 467. Similarly, statutes are examined *in pari materia*, not in isolation.[8] Moreover, the holding in *Aicher* that statutes of repose are different than statutes of limitations would remain intact.

¶ 81. At the time the legislature enacted Wis. Stat. §§ 655.44 and 655.445 in 1986,[9] the term "statute of repose" had been part of the legal lexicon for over 100 years. *See Pritchard v. Howell*, 1 Wis. 131, 138 (1853).[10] The court has, during this time, indicated

---

[8] "In construing a statute, the entire section and related sections are to be considered in its construction or interpretation. . . .Sections of statutes relating to the same subject matter must be construed in pari materia." *State v. Clausen*, 105 Wis. 2d 231, 244, 313 N.W.2d 819 (1982) (internal citations omitted).

[9] *See* 1985 Wis. Act 340, from May, 1986 Special Session.

[10] In the first volume of *Wisconsin Reports*, this court first examined a statute of repose and stated that "[i]ts enactment is held by all to be within the constitutional power of the legislature." *Pritchard v. Howell*, 1 Wis. 131, 138 (1853). Since then, according to my research, this court has referred to statutes of repose in 45 decisions from *Pritchard* in 1853 up through the present. *See, e.g., McMillan v. Wehle*, 55 Wis. 685, 687, 694, 13 N.W. 694 (1882); *Bekkedal v. Viroqua*, 183 Wis. 176, 185, 196 N.W. 879 (1924); *Gamma Tau Educational Foundation v. Ohio Casualty Ins. Co.*, 41 Wis. 2d 675, 684, 165 N.W.2d 135 (1969); *Paul v. Skemp*, 2001 WI 42, ¶ 49, 242 Wis. 2d 507, 625 N.W.2d 860. My research has also found that the court of appeals has referred to statutes of repose in 26 decisions, some unpublished. A sampling of the published cases are: *Kohnke v. St. Paul Fire & Marine Ins. Co.*, 140 Wis. 2d 80, 85, 410 N.W.2d 585 (1987); *Miller v. Kretz*, 191 Wis. 2d 573, 583, 531 N.W.2d 93 (1995); and *Guzman v. St. Francis Hosp., Inc.*, 2001 WI App 21, ¶ 18, 240 Wis. 2d 559, 623 N.W.2d 776 (following *Aicher*).

that what distinguishes a statute of repose from a statute of limitations is that the former "limits the time period in which an action can be brought based on the date of an act or omission." *Aicher*, 2000 WI 98, ¶ 26; *see also McMillan v. Wehle*, 55 Wis. 685, 694, 13 N.W. 694 (1882); *Tomczak v. Bailey*, 218 Wis. 2d 245, 252, 578 N.W.2d 166 (1998). Had the legislature intended that § 655.44(4) applied to statutes of repose, as well as statutes of limitations, the legislature would have so stated. Indeed, the majority ignores the fact that the legislature is presumed to enact laws with full knowledge of decisions of this court.[11] *See Glinski v. Sheldon*, 88 Wis. 2d 509, 519–20, 276 N.W.2d 815 (1979). The majority should have acknowledged that the legislature meant what it said when it limited the tolling provision in Wis. Stat. § 655.44(4) to statutes of limitations.[12]

---

[11] The majority opinion counters this long-held assumption with the argument that there is no evidence that "legislative lingo" has included the term "statute of repose." *See* majority op. at ¶ 61. Apparently, that fact, if true, was immaterial to the majority in *Aicher*—much to Ame Aicher's detriment. Nonetheless, the majority opinion refers to two bills "that were unquestionably intended to create statutes of repose," but did not include that phrase. Majority op. at ¶ 61 n.14. However, neither of these bills, 1993 Assembly Bill 531 and 1991 Senate Bill 408, were enacted into law, so we have no way of knowing, clearly and unquestionably, what the legislature intended.

[12] Notably, *Aicher* is seen as one of the most important decisions from this court's 2000 term. *See* Daniel W. Hildebrand, *2000 Significant Court Decisions, Wisconsin Lawyer* 18, 20 (June 2001). However, what seemed clear to the majority in *Aicher*—the difference between statutes of repose and statutes of limitations—is not so clear after the majority's opinion here today. This leaves the bench and bar, and legislature, at sea as

¶ 82. The majority seems to think that extending the repose period 90 days or so—the length of the mediation period—is no big deal for the medical malpractice defendant. *See* majority op. at ¶ 53. But Wis. Stat. §§ 655.44, 655.445 and 893.55 all reflect the legislature's "goal of limiting the 'long tail' of liability of those who actually provide health care to patients." *Estate of Makos v. Wisconsin Health Care Fund*, 211 Wis. 2d 41, 76, 564 N.W.2d 662 (1997) (Bradley, J., dissenting).[13] *Aicher* emphatically reiterated throughout the opinion that the legislature provided medical malpractice claimants a right to pursue their claim only up to five years after the act or omission as evidenced by the statute of repose in § 893.55(1)(b). *See, e.g.*, 2000 WI 98, ¶ 50, 53, 54. Ame Aicher had no right to pursue her claim because "[n]o right to remedy resides here because the legislature expressly chose not to recognize a right based on a claim discovered more than five years after the allegedly negligent act or omission. . . ."

to the distinction between statutes of repose and statutes of limitations.

[13] *Aicher* "adopt[ed] much of Justice Bradley's dissent in Makos" to overrule *Estate of Makos v. Wisconsin Health Care Fund*, 211 Wis. 2d 41, 564 N.W.2d 662 (1997) just three years after that decision. *See Aicher*, 2000 WI 98, ¶ 40. Regardless of what the concurrence may think that *Aicher* did to *Makos* (*see* concurring op. at ¶ 66), at least the majority in *Aicher* agreed that "our decision. . .expressly overrules Makos." *Id.* at ¶ 68. Indeed, the concurring opinion here presents the classic red herring. This case, and this dissent, are not Makos revisited. *Rather, they are about a majority saying that statutes of repose and statutes of limitations are different one year, and then saying the next year, no, they are not.* A metaphor, even a mixed one, cannot make a dissenting opinion something it is not. The debate in regard to Article I, Section 9 of the Wisconsin Constitution is left for another day.

*Id.* at ¶ 54. As the majority in *Aicher* aptly observed, "[w]ere we to extend a right to remedy outside the limits of these recognized rights, we effectively would eviscerate the ability of the legislature to enact any statute of repose." 2000 WI 98, ¶ 54. Yet, this may be exactly the result of what the majority has done here today.

¶ 83. The majority's conclusion that statutes of repose are one and the same as statutes of limitations not only contradicts *Aicher*, but its conclusion becomes only a matter of "judicial label[ling]," so that a difference that existed just last year ceases to exist today. First, the majority regales us with various definitions of "statute of limitations" and "statute of repose" to establish that the term "statute of limitations" in Wis. Stat. § 655.44(4) is ambiguous.[14] Plainly, these terms were not ambiguous to the majority in *Aicher*. *See* 2000 WI 98, ¶¶ 26–28, 46, 50, 54. *Aicher* recognized that the legislature was scrupulous in its construction of the medical malpractice statutory scheme. *Id.* at ¶ 21.

---

[14] The majority claims that it examines *Black's Law Dictionary* because the court of appeals relied upon it. Majority op. at ¶ 27. However, the court of appeals refers to *Black's* in an introductory footnote. *See Landis v. Physicians Ins. Co. of Wis.*, 2000 WI App 164, ¶ 5 n.4, 238 N.W.2d 190, 616 N.W.2d 910. It does not rely upon *Black's* for its analysis. Nonetheless, the distinction that the court of appeals makes between statutes of repose and statutes of limitations, is the same as the distinction this court made in *Aicher. See Landis*, 2000 WI App 164, ¶¶ 5, 6. Perhaps, if *Aicher* had been decided prior to the court of appeals decision below, the court of appeals would have relied upon it. It is also noteworthy that here, as well as before the court of appeals, the parties did not assert that the term "statute of limitations" in Wis. Stat. § 655.44(4) was ambiguous. *Landis*, 2000 WI App 164, ¶ 8. Only the majority, using subtle differences in various editions of *Black's*, finds the term ambiguous.

Here, however, the majority usurps the legislature's authority by creating a judicially-manufactured exception, permitting Landis to pursue her claim after the repose period had expired, even though she had an adequate opportunity to commence her action timely.

¶ 84. The majority's opinion also does not interpret Wis. Stat. § 893.55(2) and (3) correctly. These subdivisions are not exceptions which override the five-year repose provision in sub. (1)(b). *See* majority op. at ¶¶ 38–41. Rather, subdivisions (2) and (3) provide exemptions to the injury or discovery of injury accrual statutes of limitations in sub. (1). *See Aicher*, 2000 WI 98, ¶ 10 n.4. Instead, the five-year repose provision does not apply to actions arising under sub. (2) and (3), so there is no limit to override. The five-year repose provision appears to apply only to the discovery rule of accrual in sub. (b), even though, arguably, it also applies to the injury rule of accrual in sub. (a). *See Paul v. Skemp*, 2001 WI 42, ¶ 49, 242 Wis. 2d 507, 625 N.W.2d 860.

¶ 85. The majority opinion also claims that there is nothing in the legislative history of Wis. Stat. § 655.44 and § 655.445 which supports the conclusion that I find self-evident; namely, that § 655.44(4) tolls only the statute of limitations, and not the statute of repose, in § 893.55. However, the same law that enacted §§ 655.44 and 655.445, also amended § 893.55. *See* 1985 Wis. Act 340, §§ 72, 72b (created subs. (4) and (5) of § 893.55). It is reasonable to infer that the legislature created §§ 655.44(5) and 655.445, in part, to accommodate the statute of repose in § 893.55(1)(b) that was also before the legislature at the same time.

¶ 86. It is also important to consider information from the Legislative Reference Bureau's drafting file for the 1985 Wis. Act 340, which established the media-

tion scheme now in force. The legislature enacted a number of nonstatutory provisions to ensure "an orderly and equitable transfer of pending patients compensation panel controversies to courts." 1985 Wis. Act 340, § 73. One of these provisions required that any pending claim before the panel had to be filed with a court within 60 days, "[i]f the claimant wishes to proceed with the malpractice claim." *Id.* at § 73(2)(c)a. The tolling provision then in effect would extend only through that 60-day period: "Any applicable statute of limitations tolled under section 655.04(6), 1983 stats., shall remain tolled until the expiration of the 60-day period." *Id.* Evidently, whatever effect the tolling provision in § 655.04(6) had, if any, upon the statute of repose in § 893.55(1)(b),[15] that effect was to end shortly after the mediation scheme became effective. 1985 Wis. Act 340 wiped the slate clean. Pending claims, which may have run afoul of the five-year statute of repose, had to be filed before mediation was requested. 1985 Wis. Act 340, § 73(2)(c)b. "Beginning September 1, 1986," new claims had to follow the procedure provided

---

[15] Wisconsin Stat. § 893.55(1)(b) was enacted in 1979, effective July 1, 1980. Ch. 323, Laws of 1979. Section 655.04 was enacted earlier, in 1975. Ch. 37, Laws of 1975 (*see* majority op. at ¶ 47.) The statute of limitations that § 655.04 would have tolled was § 893.205. (The same law that enacted § 893.55(1)(b) amended and renumbered § 893.205 as § 893.54. Ch. 323, Laws of 1979.) Section 893.205 provided that "[a]n action to recover damages for injuries to the person for such injuries sustained on and after July 1, 1955. . . ." must be brought within three years after the cause of action accrued. *Rod v. Farrell*, 96 Wis. 2d 349, 350–51, 291 N.W.2d 568 (1980) (*overruled in part* by *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983)). This statute of limitations was tied to the accrual of the cause of action (*see id.* at 351, n.3), and did not include a statute of repose, like § 893.55(1)(b) does.

in §§ 655.44 and 655.445. Wis. Stat. § 655.44(1), § 655.445(1). In other words, new claims had to comply with the statute of repose in § 893.55(1)(b). Regardless of how Wis. Stat. § 655.04 may have operated on the statute of repose in § 893.55(1)(b)—and we do not know since we were never confronted with that issue—§ 655.04 is not before us today. Instead, before us are §§ 655.44 and 655.445, wherein the legislature provided the means to require claimants to engage in mediation *and* comply with statutes of repose simultaneously.

¶ 87. Ironically, Landis did not need the majority to engage in the twists and turns it does here to preserve her claim. She just had to follow the law. There are a number of statutory schemes that require litigants to navigate various time periods, one of which is chapter 655. *See Tamminen v. Aetna Cas. & Sur. Co.,* 109 Wis. 2d 536, 546, 327 N.W.2d 55 (1982). Here, "each statute may be complied with without violating the other." *Id. Aicher* warned practitioners to "take cautious note of the potential impact of [statutes of repose] for their clients." 2000 WI 98, ¶ 31 n.9. Had Landis' counsel carefully reviewed and interpreted the interplay among the applicable statutes, Landis may have timely commenced her action, in accord with legislative dictates.

¶ 88. It is especially difficult for me to accept the majority's device of characterizing a statute of repose as only a "judicial label" now, when the statute of repose was championed as a legislative mandate just last year to foreclose a child's opportunity for redress. *See Aicher,* 2000 WI 98. Extinguishing a plaintiff's claim where the plaintiff had no opportunity to discover her injury prior to the running of the five-year statute of repose is problematic. More problematic is

saving a plaintiff who discovers her injury before the end of the five-year period and yet chooses to postpone commencing her action. By circumventing the law as legislated and devising a way for Landis' claim to proceed, this court adds to the injustice it allowed to occur in *Aicher*.

¶ 89. Even though the majority opinion ostensibly withdraws from *Aicher*, it fails to acknowledge that, last year, the constitutionality of the statute of repose in Wis. Stat. § 893.55(1)(b) depended upon the fact that that statute was enacted by the legislature, not that § 895.55(1)(b) was determined to be a statute of repose by means of "judicial terminology." *See Aicher*, 2000 WI 98, ¶¶ 41–84; *see also* majority op. at ¶ 63. Granted, the constitutionality of the statute of repose in § 893.55(1)(b) is not at issue here, because Landis discovered the alleged injury before the statute of repose had foreclosed her remedy.[16] Nonetheless, the only principled way for the majority to reach the result it does today is to confront, not ignore, the underlying

---

[16] The author of this dissent has previously called into question the constitutionality of the statute of repose in Wis. Stat. § 893.55(1)(b) where the statute foreclosed a remedy for an injury before that injury had even been discovered. *See, e.g., Aicher*, 2000 WI 98, ¶¶ 86–92 (Crooks, J., dissenting, joined by Bablitch, J.); *see also Makos*, 211 Wis. 2d at 59–68 (the application of the statute of repose in § 893.55(1)(b) violates Article I, Section 9 of the Wisconsin Constitution insofar as it deprives one of the right to a remedy) (Crooks, J., concurring with the lead opinion by J. Steinmetz as to Article I, Section 9). Justice Bablitch, joined by Justice Wilcox, concurred with the majority in *Makos* based upon the language in Wis. Stat. § 893.55. 211 Wis. 2d at 55–59. Justice Wilcox also joined the majority in *Aicher*. However, Justice Wilcox joins this dissent because the real error here is the misapplication of *Aicher*, not the foreclosure of a remedy before the injury is discovered.

basis for the constitutionality of § 893.55(1)(b)'s statute of repose. For the reasons herein, I respectfully dissent.

¶ 90. I am authorized to state that Justice WILLIAM A. BABLITCH and Justice JON P. WILCOX join this opinion.